KWARTLER ET AL. *v.* HUMPHREYS.

**354**

(Decided March 4, 1929.)

Mr. *Benjamin P. Pink,* and Messrs. *Rubenstein &
Falk,* for plaintiffs in error.
Mr. *R. T. Dickerson,* for defendant in error.

HAMILTON, J.   William K. Humphreys, defendant
in error here, brought an action against the plain-
tiffs in error, Morris Kwartler, Rose Kwartler and
Rose Gendelman, for damages.   The action was
based on misrepresentations in a real estate con-
tract.   The case was tried to the court and jury,
resulting in a verdict for Humphreys for the sum
of $1,200 against Morris Kwartler and Rose Gendel-
man; the court, on motion, dismissing Rose Kwart-
ler, on the ground that she had no interest in the
case.   Judgment was entered on the verdict, and
error is prosecuted to this court.

The case grows out of a written contract for the
sale and purchase of real estate, Kwartler being the
seller and Humphreys the purchaser.   The contract
was an offer with terms, made by Humphreys and
accepted by M. Kwartler, he being Morris Kwartler,
the defendant in the case.

At the close of plaintiff's case, the defendant Mor-
ris Kwartler made a motion to be dismissed from
the case, for the reason that in the real estate trans-
action he acted only as agent for his codefendants,
Rose Kwartler and Rose Gendelman, and that an

agent and principal cannot be joined in one and the same action. The remaining defendants, Rose Kwartler and Rose Gendelman, made a like motion for their dismissal. Both motions were overruled, and in the overruling it is urged the court committed prejudicial error.

The evidence is that Kwartler was the real owner of one-half of the premises in question; that the legal title was placed in the name of Rose Kwartler, his wife, for convenience. He was therefore a principal and a real party in interest. It also appears that he as joint owner acted for defendant Rose Gendelman in making the contract, she being the owner of the other half of the property; that Kwartler, as her representative, was authorized to sign the contract; and that Rose Gendelman carried out the contract by making the proper conveyance, and received her share of the purchase price. The court was correct in dismissing Rose Kwartler from the case, and holding the defendants Morris Kwartler and Rose Gendelman as proper defendants.

The other question of error presented is that the court erred in its instructions on the measure of damages, and in its rulings on the evidence on the question of damages. This brings into question a provision in the contract which is as follows: "You do hereby warrant that the premises consist of 18 rooms and one store and do further warrant that the income from the premises when fully rented is in the sum of $150.00 One Hundred Fifty Dollars per month and that no part thereof is covered by a lease except on store which I agree to assume. Rents to be prorated on day of settlement."

It appears that Humphreys had not examined the

property before entering into the contract of purchase, and purchased the same under the guaranty as provided in the above-quoted clause of the contract; that when he went to collect the first installment of rents, he found that the rooms when fully rented only produced $140 per month, and it is urged that he was damaged by the misrepresentation of the amount of rentals, which materially affected the value of the property.

The defendant Kwartler contends that he should have been permitted to prove the real value of the property at the time of the sale, and tendered evidence to the effect that the property was worth much more at the time of the sale than the consideration of $11,500 paid therefor.

The plaintiff, Humphreys, produced evidence that the discrepancy of $10 per month in rental value was a misrepresentation which would affect the value; that the consideration paid had no place in the case; that the rule is that the measure of damage was the difference in the value when renting at $150 per month and the value shown when renting at $140; and that his damage and loss is the difference in value of the premises based on the rentals.

The rule of law applicable is as contended for by the plaintiff, Humphreys, and was given to the jury in the court's charge in the following words: "The measure of damages is compensation and compensation only. In determining what sum will compensate the plaintiff, should you find in his favor, you will consider the value of the premises if they had rented for $150 per month when fully occupied and the value of the premises rented at $140 per month when fully occupied, and award him the difference

between the value of the property rented at $150 when fully occupied and the property rented at $140 per month when fully occupied.''

This rule is supported in principle in the case of *Linerode* v. *Rasmussen*, 63 Ohio St., 545, 59 N. E., 220, the syllabus of which reads: ''Where the defendant was sued on notes given for purchase money for a farm, and sought to recoup damages on the ground that the plaintiff had represented that 'underlying said premises was a three or three and a half foot vein of good bituminous, minable coal,' whereas there was no coal whatever under said premises, the measure of damages is the difference between the value of the farm as it was represented to be and its actual value at the time of the purchase.''

Applying that rule to the instant case, the measure of damages is the difference between the value of the premises purchased when fully occupied, if they had rented for $150 a month, and the value of the premises when rented at $140 per month when fully occupied.

The court properly ruled on the question of evidence as to the measure of damages in refusing counsel for defendant permission to show the real value of the premises, as compared with the purchase price. In other words, if the plaintiff purchased a bargain, he was entitled to a bargain.

The evidence is that rental values are all based on a 10 per cent. gross income. On this basis the value of the property at a rental of $150 per month was $18,000. The value of the premises based on $140 per month rental would be $16,800. The difference would be the sum of $1,200, which is the amount of the verdict and judgment in the case.

The expert witnesses on values made their calculations by capitalizing a loss of $10 per month, or $120 per year, and on a 10 per cent. income basis reached the result of a damage of $1,200. The proper question would have been the value of the real estate as above indicated, and not on a capitalization of income; but since the result is the same, the defendants were not prejudiced by reason of the basis of calculation of the expert witnesses.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and ROSS, J., concur.