## PERRY v PERRY

Ohio Appeals, 2nd Dist, Franklin Co

No 2606. Decided March 16, 1936

Noel K. Greenlee, Columbus, for plaintiff in error.

Paul M. Herbert, Columbus, for defendant in error.

**OPINION**

By HORNBECK, J.

It is the claim of plaintiff in this court that without respect to the status of the minor and his father by reason of the marriage of the minor, the contract which was carried into the decree binds the father to pay the sum therein stipulated until John attains his majority. It was the theory of the trial court and it is the claim of the defendant in this court that the entering into the marriage relation accomplished the emancipation of the son and that the father's obligation to support no longer obtained, and that the purpose of the separation agreement was only to fix the amount which he was to pay by reason of his obligation to support his son.

There is no bill of exceptions in this court and we must therefore indulge every reasonable intendment to support the validity and regularity of the judgment of the trial court. It thus becomes a question of law as to the construction of the contract If the obligation of the father to pay the $20.00 per month was personal to the plaintiff and in all events was to be paid to her until the minors reached the age of twenty-one years, then without respect to the minor's change of status by reason of the marriage relation the defendant could not be heard to deny his obligation. A consideration of the contract is convincing that the payment provided to be made by the father to the mother for the sons was support money, that it was to be paid to the mother as the contract provides "for the support and education" of the minors. The custody, control, care and education was in the first instance awarded to the mother. As corollary thereto the father was obligated to pay for the minors' support, and this payment was made to and through the mother. The contract was consummated upon the theory that the minors would live until they were twenty-one years of age, and that the relationship of parent and child would subsist during that period. Had either child died before attaining its majority, in our judgment, the

separation agreement did not contemplate further payment for that child. Likewise, if the status of parent and child ceased because of any other legal relation, and if the father's obligation to care for and support his child no longer obtained, then the obligation to pay was no longer required.

The minor, John, was married by and with the consent of his mother, the plaintiff. When he took unto himself a wife she was entitled to the right to the care, protection and support of her husband. This relation is inconsistent with the right of the parent to the custody, services and earnings of the minor child. In the normal relationship of parent and child the parent is entitled to the services and earnings of his child, and the child to care, education and support from the parent. A marriage of a minor prevents the mutual observance of those rights between the parent and the child. In the interest of society one must yield to the other. As the child may assume the marriage relation and the obligations thereof are recognized and binding upon him, such relation accomplishes his emancipation. This is recognized by the great weight of authority. 20 R.C.L., 612. Case notes to Commonwealth v Graham, 16 L.R.A., 578, and Cochran v Cochran, 24 L.R.A. (N.S.) 160. Counsel for defendant also cite an Ohio case from this jurisdiction, Klinebell et v Hilton, 25 O.N.P. (N.S.), 167, which determines among other things that parents can not maintain an injunction suit against the consortium between their infart daughter and a man whom she had married against the will and consent of her parents.

A father's rights to his minor child's services may be released; and such release which sets the child free from legal subjection and gives it the right to labor for itself and collect its own wages is recognized and known as emancipation. This has application to the instant cause because the mother to whom had been awarded the custody, care and education of her minor child, John, consented to the marriage. As between herself and her former husband she was obligated to care for and support the minor, and was entitled to his earnings. Her consent to his marriage was tantamount to an agreement between herself and her son to his emancipation. His marriage then created a status which likewise removed her obligation of support to her son and his obligation to yield his services and earnings to her.

In our judgment it was the meaning of the separation agreement which was carried into the decree that the support money therein provided for the minor, John, was only to be paid to him so long as he sustained the relation of a child to the parties with the legal obligations which ordinarily attend that relationship, and that when he changed his status by marriage the obligation of the father to support him no longer obtained and his obligation to pay for the support through the mother was no longer required.

We have read the opinion of the trial judge and are satisfied that he reached the proper determination of the question and are in accord with his judgment and the reasons therefor. The judgment will be affirmed.

BARNES, PJ, and BODEY, J, concur.