ALBERT, APPELLEE, *v.* ELLIS ET AL.; MEYERS, APPELLANT.

(No. 37616—Decided July 27, 1978.)

*Mr. Dennis M. Pfizenmayer,* for appellee.
*Mr. John H. Bever,* for appellant.

JACKSON, P. J. Carolyn B. Albert, the plaintiff-appellee, instituted an action for money damages against Gerald Ellis, Gregory Meyers, and William R. Meyers, the father of Gregory Meyers, a minor. The complaint sought damages from an assault upon her by Gerald Ellis and Gregory Meyers. The cause of action against William R. Meyers is predicated upon R. C. 3109.10 which reads as follows:

"Any person is entitled to maintain an action to recover compensatory damages in a civil action, in an amount not to exceed two thousand dollars and costs of suit in a court of competent jurisdiction, from the *parents having the custody and control of a minor under the age of eighteen years,* who willfully and maliciously assaults such person by a means of force likely to produce great bodily harm. A finding of willful and malicious assault by such means or force is not dependent upon a prior finding of delinquency of the minor.

"Such action shall be commenced and heard as in other civil actions for damages." (Emphasis added.)

At the time of the incident for which liability is asserted, Gregory Meyers was under the age of 18, but had been married, established his own place of residence apart from his parents, secured employment, and was self-supporting.

The lower court entered judgment in the amount of two thousand dollars against William R. Meyers and further in the amount of five thousand dollars for compensatory damages and twenty thousand dollars as exemplary damages against Gerald Ellis and Gregory Meyers.

This appeal is brought by the father, William R. Meyers. The single issue before this court is whether Gregory Meyers was within the custody and control of his father as contemplated by the statute at the time of the assault.

Prior to the enactment of statutes imposing parental liability, the liability of a parent for the torts of a minor child was governed by the common law. The mere relationship of parent and child was not considered to be sufficient to impose liability upon the parent. It was necessary to also establish some knowledge on the part of the parent with respect to the act, an agency relationship, consent or ratification by the parent, or some evidence that the parent negligently permitted the child to conduct himself in a manner likely to cause some harm. See, e. g., Elms v. Flick (1919), 100 Ohio St. 186; Ringhaver v. Schlueter (1927), 23 Ohio App. 355. See also Laven, Liability of Parents for the Willful Torts of Their Children Under Ohio Revised Code Section 3109.09, 24 Cleve. St. L. Rev. 1, n. 1 (1975).

With the passage by the General Assembly of R. C. 3109.10 and the forerunner of the companion statute, R. C. 3109.09, the rule was changed somewhat. The statute directs that parents will be responsible only for those minors under the age of 18 who are "under their custody and control." It is apparent from the language of the statute that the mere relationship of parent and child continues to be insufficient to impose liability.

The lower court held that unless custody and control of a child under the age of 18 have been removed from a parent by an order of the domestic relations court, that

parent will not be relieved of the liability imposed by the statute. We disagree with this conclusion. It is virtually axiomatic that validly married minors are no longer subject to the custody and control of their parents. The proposition was expressed by the Franklin County Court of Appeals in *Perry* v. *Perry* (1936), 21 Ohio Law Abs. 577 at 579.:

"The minor, John, was married by and with the consent of his mother, the plaintiff. When he took unto himself a wife she was entitled to the right to the care, protection and support of her husband. *This relation is inconsistent with the right of the parent to the custody services and earnings of the minor child.* In the normal relationship of parent and child the parent is entitled to the services and earnings of his child, and the child to care, education and support from the parent. A marriage of a minor prevents the mutual observance of those rights between the parent and the child. *In the interest of society one must yield to the oth*er. As the child may assume the marriage relation and the obligations thereof are recognized and binding upon him, such relation accomplishes his emancipation. This is recognized by the great weight of authority." (Emphasis added.)

We therefore conclude that, as a matter of law, where a minor child is married, has established his own residence apart from his parents, and is self-supporting, he is no longer within the custody and control of his parents and R. C. 3109.10 fails to impose liability upon his parents.

The judgment of the trial court is reversed and final judgment entered for appellant.

*Judgment reversed.*

DAY and SILBERT, JJ., concur.

SILBERT, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.