## CAMPBELL v CAMPBELL

Ohio · Appeals, 6th Dist, Lucas Co

No 2766.  Decided May 22, 1933

Ed P. Buckenmyer, Toledo, for plaintiff in error.

Rowe, Williams & Dillon, Toledo, for defendant in error.

WILLIAMS, J.

Error was not prosecuted to this decree but on January 20, 1933 the defendant Glen H. Campbell filed a motion in the Court of Common Pleas to modify the decree so as

to reduce the payments by defendant for the support and maintenance of the two children, and for a home for them and the wife.

This motion came on for hearing January 27, 1933, and the court refused to permit evidence to be offered and ordered the motion stricken from the files for lack of jurisdiction to modify the decree as to payments by the husband for support of the wife and minor children upon the ground the same was fixed by agreement of the parties. The action of the court was taken upon authority of **Ryan v Ryan, decided June 15, 1925, Vol. 29 Court of Appeals Opinions, Sixth District, unreported, p. 256, (3 Abs 510).**

The husband prosecutes this proceeding in error and maintains that the court below committed prejudicial error in striking the motion from the files and refusing to hear evidence, and that the decree requiring payments for the support and maintenance of minor children, even though based upon the agreement between the parties, is always subject to modification upon a showing of changed conditions.

The plaintiff in error relies upon **Corbett v Corbett, 123 Oh St, 76,** affirming **36 Oh Ap, 321, (8 Abs 286).** In the case of Corbett v Corbett, the facts are quite fully recited in the report of the appellate court. It appears from the report of that case that the wife was given the custody of two minor children and that an agreement was entered into between the parties with respect to the support of the children, and this agreement was approved by the court and carried into the decree and the husband was ordered and adjudged to pay the wife $5.00 per week for the support and maintenance of the children until the younger should reach the age of 16 years. The wife filed a motion for an order increasing the allowance for the support of the children and upon hearing it was ordered that the husband pay $5.00 a week for the support of each of the minor children until the younger child should reach the age of 16 years. The appellate court affirmed the judgment of the lower court and in doing so stated that it is not shown by the evidence nor is it certain from the decree whether the wife agreed to support the children if the husband was to pay $5.00 a week toward the support, or only agreed that the order of the court should be that the husband should pay said amount. In affirming the judgment of the Court of Appeals the Supreme Court **(123 Oh St, at page 78)** states:

"There was no express reservation in the divorce decree continuing the jurisdiction of the trial court during the minority of the children or for any other period. The father contends that the omission of such reservation terminated the jurisdiction and power of the court to later modify in any respect the decree so then entered. This presents the sole issue for consideration here."

It is thus evident that the Supreme Court did not consider the question discussed by the Court of Appeals. The Court of Appeals in its opinion at page 324 cites the case of **Connolly v Connolly, 16 Oh Ap, 92,** but an examination of the opinion in that case shows that the wife sought to have the amount allowed to her for support of minor children increased and the court held that an agreement between husband and wife for the payment of a certain sum did not deprive the court of the power to increase the allowance where the good of the children required it. The Court of Appeals in Corbett v Corbett, supra, also cite the case of **Law v Law, 64 Oh St, 369.** This is the decision upon which this court based the conclusion reached in Ryan v Ryan, supra. The opinion in the latter case states that the question arose on a motion of the wife for modification of alimony. An examination of the original record in that case discloses that the husband filed a motion to modify the former order of the court by reducing the amount previously ordered to be paid by the husband for the support, education and maintenance of minor children and the trial court refused to so reduce the amount. The original decree shows that custody of the minor children was awarded by the court to the wife and that the husband agreed to pay and the wife agreed to accept a certain sum of money to be paid twice each month for the **benefit of the wife and the minor children** and the wife agreed to stand charged for the support, education and maintenance of said minor children and to absolve defendant from any duty in this regard.

A majority of this court are still satisfied with the conclusions reached in the case of Ryan v Ryan, and are still convinced that the decision in that case is properly planted on Law v Law, supra.

In that case Carrie B. Law was granted a divorce from her husband George W. Law, and she was given the custody of their child, Edith B. Law, and allowed $3,000.00 per year as alimony, payable in monthly installments of $250.00 out of which the

wife was required to support, maintain and educate their child. It is true the opinion does not call the daughter Edith a minor, but in view of the fact that her custody was granted to her mother, it follows as a matter of course that she was a minor. Some years after the entry of the decree George W. Law filed his petition in the Court of Common Pleas seeking a reduction of the alimony to $1500.00 per year. His wife,. Carrie B. Law, answered and among other things alleged in her answer that the original decree, in so far as it related to the subject of alimony, was entered by agreement of the parties. This was denied in the reply. On hearing the court entered a judgment reducing the alimony from $3,000.00 to $1800.00. Carrie B. Law took an appeal to the Circuit Court where, upon a hearing, the alimony was fixed at $2,200.00 per annum. Thereupon she filed a proceeding in error in the Supreme Court. The Supreme Court found that the only proper inference from the testimony was that the original decree as to alimony was fixed by agreement of the parties, found that the husband was bound by the terms of the contract carried into the decree and reversed the judgment. The syllabus reads as follows:

"A divorce being decreed for the aggression of the husband, and alimony being adjudged to the wife in accordance with an agreement of the parties, the terms of the decree as to alimony are not, if unaffected by fraud or mistake, subject to modification upon a petition filed by the former husband after the term at which the original decree was made."

It is true that the allowance was made to the wife as alimony, and out of the amount she was to support, maintain and educate the child. In our case, after the first year following the decree, the amount is specified in the contract and decree to be paid to the wife "for the care of said children and maintenance of a home for wife and children." In our judgment this case is an authority not only for the decision in Ryan v Ryan but for the conclusion which we are reaching in the instant case.

It is obvious that there is a vast distinction between the power of the court to reduce the amount awarded for the support, maintenance and education of minor children which the parties have fixed between themselves by contract and the power of the court on the other hand to increase the amount agreed upon by the parties for

that purpose, for the reason that parents of minor children can not by agreement absolve themselves from the duty to support and maintain them imposed by law, by making an agreement among themselves for the payment of an amount which later proves inadequate for that purpose. The agreement between husband and wife with respect thereto, like contracts between other persons, will be upheld unless adherence to its provisions would result in a violation of law or statutory enactment. Constitutional guaranties require that courts must ever maintain the inviolability of contracts, but to uphold a contract providing for support of minor children which proves inadequate to the extent of refusing reasonably necessary additional support would be opposed to public policy. The law imposes upon parents the obligation to support minor children and public policy requires that the parent fulfill this natural duty.

We do not hesitate to lay down the rule that, notwithstanding a contract made between parents with reference to payments for support of minor children, which are carried into the decree of the court, the decree may be subsequently modified by increasing the allowance where the original allowance provided is by reason of changed conditions inadequate and such increase is for the good of the minor children. There is no reason why a contract is invalid, however, merely because it contains a provision that one parent who has the custody of minor children agree to support the children for the payment of a given sum of money and the other parent agrees to make the payments for that purpose. If the parent agreeing to make such payments finds later that, due to changed conditions, the payments are onerous and difficult to make, he can not rid himself of his contractual obligations upon any claim that the contract is void, illegal or opposed to public policy. Under such circumstances the contract is a perfectly valid and enforcible one and the duty of this court to protect the right of contract compels us to hold that the court has no power to reduce the amounts which a party has so agreed to pay.

It will be observed that the cases upon which plaintiff in error relies are those in which a parent who had the custody of children found the amount agreed upon to be inadequate for the support and maintenance of the children. In the instant case the husband is seeking to have the payments reduced and for the trial court to have reduced the amounts would have been

to annul valid contractual obligations.

The court below caused the petition to be stricken from the files and refused to hear evidence upon the ground that he had no jurisdiction. Perhaps a more orderly course for the trial court to have pursued would have been to have refused to hear evidence because the rights of the parties were regulated by a valid contract, at least until such time as it was made to appear to the court that allowances were insufficient for the purpose for which made, and to have overruled the motion. At any rate, the result would have been the same and therefore, finding that substantial justice has been done between the parties by the action of the court below, the judgment will be affirmed.

Judgment affirmed.

RICHARDS, J, concurs.
LLOYD, J, dissents.

LLOYD, J, dissenting:

If the facts stated in the motion of the plaintiff in error filed in the Court of Common Pleas are true, which can be determined only by hearing the evidence thereon, it would seem that the court might well decide that it was to the interest of the two minor children temporarily at least to reduce the allowance made for their support. The primary consideration, of course, should be the interest of the children and that consideration might, as I have suggested, justify and require in some cases a reduction of the allowance, as in other cases it might require an increase thereof, since it would seem that public policy would be quite as averse to imposing a too heavy burden upon one charged with support of children as it would be vigorously opposed to reduction of the amount awarded when not disproportionate to the ability to pay. Economic conditions, such as now exist, enter into the consideration as to what properly should be done in a particular case, it being purposeless to destroy the ability to meet business obligations of him who must procure the income wherewith to provide for the support of his minor children.

Personally I am unable to see what constitutional guaranties as to the inviolability of contracts has to do with a contract that, because of its character and object, the Supreme Court has said is not inviolable and may be changed. If the law reads into such a contract and the decree rendered thereon, the power to increase the amount allowed when conditions warrant and justify doing so, why may it not be modified to decrease the allowance, if the facts and circumstances show that such course would be just, and for the best interests of the children as well as in accord with public policy which seeks to compel care and support of minor children primarily for the good of the children and incidentally for the perhaps more selfish purpose of preventing their becoming wards of the state.

The law imposes upon wives as well as husbands some degree of duty in assisting in the support of minor children and a similar duty would seem, under some circumstances, also to rest upon ex-wives as well be ex-husbands. As hereinabove suggested, if the facts stated in the motion of plaintiff in error are true, it would seem that some reduction of the amount now payable under the decree of the court ought to be made since if made it would leave. an amount reasonably ample for the required and intended purposes. There is no virtue in killing the goose which laid the golden eggs. However inept the comparison, it expresses my thought.

What the evidence would in fact disclose, of course, none of us know, but as I view it the Court of Common Pleas had jurisdiction to entertain the motion, to receive evidence thereon and to decide the same.