## BORST v BORST

Ohio Appeals, 2nd Dist, Franklin Co

No 2519. Decided Oct 28, 1935

Grover C. Brown, Columbus, and Milton W. Buffington, Columbus, for plaintiff in error.

Isadore Margulis, Columbus, for defendant in error.

## OPINION

**By BARNES, PJ.**

In the instant case it is the contention of plaintiff that the defendant perpetrated a fraud upon the court in the divorce action by not advising the court as to the terms of the separation agreement. In support of this claim of fraud the case of **McEntire v McEntire et, 107 Oh St, 510,** is cited and quoted from at length.

This reported case has many similar features to the instant case and requires a very careful analysis in a determination as to its effect. There are also features not in common and these are important.

In the reported case the Court of Appeals, hearing the case de novo on appeal, made findings of facts and from these findings determined that the wife was guilty of fraud, whereas in the instant case the trial court, while not making specific findings of fact, yet by reason of its judgment against Max Borst necessarily determine that under the facts and the law no relief could be granted to the plaintiff. It also appears in the reported case that the property settlement in the articles of separation, if and when considered or entered in a divorce and alimony decree would not to any extent be a continuing order. In the instant case the provision for support through weekly payments when entered in a divorce or alimony proceeding is a continuing order and subject to modification under changed conditions.

Under and by virtue of §§7999 and 8000 GC husband and wife are authorized to contract with each other and under the latter section above mentioned, agree for immediate separation and make provision for the support of either and their children during the separation.

In the case of **Campbell v Campbell**, 46 **Oh Ap**, 197, (14 Abs 481), the second syllabus reads as follows:

"2. Divorce decree incorporating amount for support of minor children agreed on in contract between parties may be substantially modified by increasing allowance, where changed conditions make original amount inadequate."

We also refer to and quote from **Ohio Jurisprudence, Volume 14 (Divorce and Separation)** §83:
"It must now be regarded as settled beyond controversy that when, in an action for divorce, the court is satisfied from the evidence that the marriage relation should be annulled, the parties are competent to contract with respect to such changes in property rights as are to result from the severance of the former relation, and their contract, if approved by the court, may be carried into its decree, thus becoming a perpetual obligation."

The above text is taken literally from the case of **Hassaurek v Markbreit**, 68 **Oh St**, 554-589.

We quote further from §83:

"The court is not bound by such an agreement, however, and in settling the property rights of the parties in such case it may annul a judgment theretofore obtained by one of the parties against the other under the terms of such an agreement."

In the instant case, just as in the reported case of McEntire v McEntire, 107 Oh St, supra, the articles of separation were not mentioned in the journal entry wherein divorce was awarded to Mrs. Borst and alimony allowed in the sum of $1000.00, plus an allowance for support in the sum of $10.00 per week. The $2100.00 settlement provided for in the articles of separation had been paid down so that $1000.00 remained unpaid, but was not yet due. The $500.00 note provided for in the articles of separation was paid the day before the hearing and decree in the divorce action. The $1000.00 note not yet due had approximately six months to run. The decree of Judge Sowers awarding alimony in the sum of $1000.00 provided that it should be paid within six months. The identity in amount and approximate similar date for payment suggests the thought that possibly Judge Sowers was intending to make his order comply with the articles of separation so far as this item is concerned. There is no direct evidence on this question and it may merely be a coincidence. If we understand correctly, Mrs. Borst is making no claim that the $1000.00 allowance under the decree of Judge Sowers is in addition to the amount provided for in the articles of agreement. If the $1000.00 item was in controversy, then the principle announced in the case of McEntire v McEntire, 107 Oh St, supra, would prevent a recovery. This would be true for the reason that this allowance would not constitute a continuing order.

The allowance of $10.00 per week for support is controlled by another principle of law. An allowance of this character is a continuing order and subject to modification under changed conditions. Where the husband has bound himself to pay by agreement, he can not be relieved under changed conditions, because to do so would abrogate the terms of the contract.

**Campbell v Campbell**, 46 **Oh Ap**, 197 (14 **Abs** 481), 3rd syllabus:

"3. Agreement of parties regarding payment to wife for support of minor children, incorporated in divorce decree, could not be reduced upon husband's motion to modify decree, since such action would impair obligation of contract. **Article II, §28, Constitution.**"

On grounds of public policy the reverse of this proposition is not true, as is stated in syllabus 2 of this same case, Campbell v Campbell:

"2. Divorce decree incorporating amount for support of minor children agreed on in contract between parties may be subsequently modified by increasing allowance, where changed conditions make original amount inadequate."

At page 203 of the opinion, Judge Williams, speaking for the court, discusses this principle at length.

In the instant case plaintiff in his petition, and his counsel in brief, predicate the claim of fraud on the claim that neither Mrs. Borst nor her counsel, at the time her divorce action was heard, informed the trial court, Judge Sowers, that the parties had previously entered into article of sep-

aration providing for full settlement of all property rights and obligations, including support of minor children. This question is controverted through the answer of the defendant. The record discloses that plaintiff presents no direct testimony on this question. Honorable J. F. Atwood, an attorney at law, of Columbus, Ohio, was called as a witness. It develops from his testimony that he was attorney for Mrs. Borst at the time she secured her divorce. He also represented her at the time the agreement of separation was entered into and signed same as a witness. The substance of his testimony is that he has no independent recollections and but for the record would not remember the name of the Common Pleas Judge before whom the case was heard and determined. Mrs. Borst was called as a witness for cross-examination. Her recollection of detail is very vague, although she says it is her impression that Judge Sowers was informed of the articles of separation.

Can it be said as a matter of law that Judge Sowers would have been bound by the articles of separation as to support, had same been presented to him? We think the law in this state is very clearly and positively announced that when articles of separation are presented to the trial court in a divorce or alimony proceeding he may confirm the agreement of the parties if the agreement appears to be just and reasonable. We find this announcement in the first paragraph of §83, 14 Ohio Jurisprudence (Divorce and Separation). Under note 12 are cited a number of decisions supporting the text.

The fact that there was no prayer for alimony does not deprive the trial court of making an award. Alimony is an incident in a divorce action. Borst v Borst, 14 Ohio Law Abstract, 525, syllabus 1.

Under the state of the record we are unable to say that the trial court was not advised of the articles of separation at the time of granting the decree of divorce and making award of alimony and an allowance for support.

It is just as inferable that the court did know of the articles of separation. The identity of amounts and time of payment of the $1000.00 is a very strong circumstance supporting the theory of information and notice. He may have felt that public policy would demand that the minor children be supported by the father until they arrived at full age, and hence made the order in general terms and did not limit until such time as they became sixteen years of age. As we determine the law, he would have had that power and right.

If the evidence supported plaintiff's claim that the trial court granting the divorce was not informed as to the articles of separation (which it does not), even then we do not think the equities are with the plaintiff. In order to so find it would be necessary to conclude that the trial court would not have made the order for support as he did had he known of the articles of separation. There would still remain a doubt as to what might have been the conclusion and determination of the trial court. Under such a state of facts the trial court might well say that minors after they reach the age of sixteen years require and need a substantial contribution, more than they do in their younger years. If, perchance, the wife, Mrs. Borst, had no property or means of livelihood beyond the $2000.00 paid to her under the articles of separation or the decree, plus the $10.00 per week support money up until the children became sixteen years of age, we can discern a very serious situation between this date and the time when the children through earnings would be able to make their way. There would certainly be a very grave handicap in the interest of education that should be theirs in the interest of their future avocation in life.

We find no prejudicial error in the judgment of the court below, and therefore same will be affirmed with judgment for costs against plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.