## Keith v. Keith.

(Decided Nov. 16, 1937.)

656

EDWARD P. HUMPHREY and MARVIN H. TAYLOR for appellant.

GEORGE J. MAYER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

By a judgment of the Jefferson circuit court entered in August, 1932, appellant and appellee were divorced (upon application of appellee) and the care and custody of their four infant children was awarded to appellee.

By agreement of the parties, which was incorporated in and made a part of the judgment, it was agreed that appellant will pay appellee $90 per month each and every month, payable semimonthly, so long as appellant is earning $190 per month, but in the event his wages are reduced the amount to be paid to appellee will be reduced proportionately. The appellee was to have all the household furniture and fixtures except a sewing machine, and it was further agreed that appellee will take care and provide for the children as well as possible.

In March, 1936, appellant entered the following motion:

"Comes the defendant, Aaron Q. Keith, and moves the court to re-adjust and reduce the amount which he is now paying to the plaintiff, Julia Keith, his former wife, under judgment entered in this action on August 17, 1932, for the maintenance of herself and children, and to separate the amounts to be paid for the maintenance of the wife and each of the children respectively and to relieve the de-

fendant of the payment of any maintenance for any child who is now over twenty-one years of age and others as they become twenty-one years of age or self-sustaining, and files in support hereof his own affidavit."

The affidavit of appellants filed with the motion is as follows:

"The affiant, Aaron Q. Keith, on oath states that the court in this action on August 17, 1932, entered judgment granting the plaintiff, Julia Keith, his wife, a divorce from the affiant, the defendant, from the bonds of matrimony, and further ordered that the defendant pay to the plaintiff the sum of Ninety Dollars ($90.00) per month under the conditions as they then existed for the maintenance of his said wife and their four children, to-wit: Robert, born February 9, 1913, aged at the present time twenty-three years; William, born February 11, 1917, aged at the present time nineteen years; Jack, born January 23, 1921 aged at the present time fifteen years; and Donald, born May 24, 1922, aged at the present time thirteen years.

"Affiant further states that there were born of the marriage between himself and said wife the above children and also another child, Dorothy, who was born January 30, 1915, aged at the present time twenty-one years, and who prior to the entry of the judgment in this divorce action was married to C. D. Mathias, from whom she has since been divorced, and that said Dorothy has moved away from Louisville and is maintaining herself. The first named child, Robert, is past twenty-one years of age and is self-supporting, and William, the second named child, is now nineteen years of age, is out of school and is working from time to time and earning wages, though he has no regular occupation."

The case was referred to the court's commissioner, and in May, 1936, the commissioner filed his report in which he recommended to the court that the motion be overruled without prejudice, upon the ground that it was a consent or agreed judgment, constituting an agreement between the parties without any reservation in the agreement or judgment authorizing a reconsideration of the matter by the court, and to support his recommendation he cited the cases of Keach v. Keach,

217 Ky. 723, 290 S. W. 708; Smith v. Smith, 236 Ky. 693, 695, 33 S. W. (2d) 651; Renick v. Renick, 247 Ky. 628, 637, 57 S. W. (2d) 663; and Hargis v. Hargis, 252 Ky. 198, 66 S. W. (2d) 59.

Appellant filed exceptions to the commissioner's report, and in November, 1936, the court entered the following order:

"At a Court held on the 24th day of November, 1936.

"This action coming on to be heard on the exception of the defendant, to commissioner's report, filed herein on May 29th, 1936, and the Court being advised, ordered that said exception be and is hereby overruled.

"To which defendant by counsel objects and excepts.

"Further ordered by the Court that the report of the commissioner is hereby approved and confirmed.

"Therefore, it is ordered that the motion of the defendant, to re-adjust and reduce the amount of maintenance, be and is hereby overruled without prejudice, at this time.

"To all of which the defendant excepts."

In December, 1936, the court entered an order granting appellant an appeal from the order and judgment rendered in November, 1936. But in the original statement of appeal it is recited that the judgment appealed from was rendered August 17, 1932, as appears on page 8 of transcript of the record. Later an amended statement of appeal was filed, correcting the error in the original statement, in which amended statement it is recited that the judgment appealed from was entered the 24th day of November, 1936, which appears on pages 17 and 18 of the record.

It is insisted for appellee that the appeal should be dsimissed, "because (1) the judgment appealed from is a consent judgment, and is not appealable, (2) the appeal was not prosecuted within two years, and is barred by limitation, and (3) if the appeal is from the order of November 24th, 1936, (a) such an order is not appealable, and (b) if it is, the amount involved is not sufficient to give jurisdiction to this court." We will discuss these points in reverse order named.

(3b) There is no merit in appellee's contention that the amount involved is not sufficient to give the court jurisdiction. In the majority of cases where monthly allowances are made for the wife or children they are less than $200 per month, but this court has never considered a single monthly allowance as the sole amount in controversy in determining the jurisdiction of the court on appeal. If this were true, no appeal could be taken from such monthly allowances except in cases where they are for as much as $200, and where they are less than $200 either party would be without the right of appeal, although the total sum paid over a period of months or years might amount to many hundreds or many thousands of dollars. It is stipulated in the record of the present case that since the entry of the judgment in 1932, appellant has paid appellee the sum of $4175. In the case of Bush v. Bush, 245 Ky. 172, 53 S. W. (2d) 352, the allowance in controversy was $20 per week. In White v. White, 245 Ky. 618, 54 S. W. (2d) 24, the monthly allowance was $75 per month, which sum this court reduced to $30 per month. Many other similar cases might be cited, but that question is too well settled to require any elaborate discussion.

(3a) It is insisted that no appeal from the order can be taken because the judgment appealed from overruled appellant's motion "without prejudice, at this time." We construe this order to simply mean that appellant's motion was overruled. The words "without prejudice" could mean nothing more than appellant's right to again make the motion was not foreclosed. Under section 2121 of our Statutes the chancellor retains jurisdiction of such cases and such orders and judgments may be revised or set aside at any time by the court rendering it. Nor, could the words "at this time" render the order unappealable, since such words cannot be construed to mean a continuance of the motion to a future day or term of the court. No time being fixed, it is obvious that the court could postpone a reconsideration of the order or make a like order upon any further motion of appellant to reduce the allowance, and thereby compel him to pay the installments indefinitely.

(2) Nor do we find any merit in the contention that the appeal was not prosecuted within two years. Appellee bases this contention upon the fact that the judgment of divorce was entered in August, 1932, and that

appellant has attempted to appeal from that order. But appellant filed an amended statement showing that the appeal was prosecuted from the order and judgment of the court entered in November, 1936, which amended statement was filed in time. The error in the first statement of appeal having been corrected in due time by the amended statement, we are impelled to treat the appeal as having been prosecuted in time from the judgment entered in November, 1936.

(1) We now come to a consideration of the case on its merits. It is appellee's contention that the judgment being a "consent" or agreed one between the parties, it is final and not subject to be reopened or reconsidered by the court; on the other hand, it is the argument of appellant that the judgment is controlled by sections 2121 and 2123 of our Statutes, and is subject to review and modification by the court.

It is the contention of appellee that the judgment was not an allowance for the children but for the wife, and for that reason it is final. We cannot accept such construction of the judgment. It is true that the judgment does not specifically set out that it is for the benefit of the wife alone or the children alone, or for the joint benefit of all of them. The judgment recites that the appellee was to have care and custody of the children and provide for them. No separate allowance was made or mentioned for the children. It is not reasonable to presume that the $90 a month was intended to be for the sole benefit of the wife, appellee, without making any provision for the children. Parks v. Parks, 209 Ky. 127, 272 S. W. 419. Appellee relies upon the case of Keach v. Keach, 217 Ky. 723, 290 S. W. 708. In that case the wife was allowed $150 a month alimony for her sole benefit and in addition thereto the husband was to pay $75 a month for the benefit of their child, a daughter fourteen years of age. Later he sought to have the $150 per month allowance to the wife modified, and it was held that the judgment in favor of the wife was final and could not be reopened except for fraud or mistake. But the child was not involved. To the same effect, see Scott v. Robertson, 212 Ky. 392, 279 S. W. 625, and Jones v. Jones, 216 Ky. 810, 288 S. W. 737. It appears that counsel for appellee has failed to grasp the distinction between the rules applicable where the wife is allowed a definite sum of alimony for her sole benefit, and where the alimony or allowance

was allowed for the benefit of children, or wife and children jointly, as was done in the present case. Parks v. Parks, supra.

It is the well-settled rule that there can be no final judgment as to infant children and, under section 2123 of our Statutes, the chancellor should retain the case on the docket for future consideration; but, if he fails to do so, either parent may, by notice to the other, have the case redocketed and is entitled to a reconsideration of the case for the purpose of determining any changed condition relating to the children or changed financial conditions of the parents. Middleton v. Middleton, 218 Ky. 398, 291 S. W. 359; Skidmore v. Skidmore, 261 Ky. 327, 87 S. W. (2d) 631. In Parsons v. Parsons, 80 S. W. 1187, 1188, 26 Ky. Law Rep. 256, the facts are substantially the same as are involved in the present case. In holding that the husband was entitled to a reconsideration of the case, we said:

"The agreement of June 12, 1902, is not, by its terms, limited as to time; but it is hard to conceive that the parties contemplated that the husband was to continue to pay two-thirds of his income for the purposes indicated as long as he lived, without regard to the changes of circumstances which might come to the parties in the meantime. It is perfectly apparent that the children are better off than their father, and as able to take care of themselves as he is. He turned over to his wife all the visible property he had. A contract on his part to provide for his adult children out of his future earnings would be without consideration, and we do not think this is the fair meaning of the contract. So far as the children are concerned, he should not be required now, under his changed circumstances, to make any further provision for them."

At the time the original judgment was entered in 1932, all the children were infants, but it appears from appellant's motion and affidavit two of the children have attained their majority, and appellant is under no legal duty to support the two adult children.

However, we express no opinion as to whether or not the monthly payments which are now for the benefit of appellee and infant children should be reduced, but reserve that question. But our conclusion is that the court erred in dismissing appellant's motion upon

the ground that the judgment was final and could not be reopened. The chancellor should have determined appellant's motion upon the evidence and the merits of the case.

For the reason stated, the judgment is reversed and remanded for proceedings consistent with this opinion.

Whole court sitting.