## White v. Sharp.

(Decided Dec. 2, 1938.)

STEPHENS & STEELY for appellant.

R. L. POPE and C. B. UPTON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, Minnie Lee Sharp, recovered a judgment in the Whitley Circuit Court against appellant and defendant below, E. F. White, for $200 with interest from July 29, 1933. The judgment was based upon the verdict of the jury empanelled to try the issues of fact submitted to it. Defendant's motion for a new trial was overruled and he has filed a transcript of the record in this court with a prayer for an appeal.

Before taking up the merits of the case it will be necessary to dispose of a motion made by appellee's counsel to dismiss the appeal and which was passed to a hearing on the merits. The grounds for the motion are (a) that the amount involved being less than $500, the appeal has not been properly taken as is required by section 950-3 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes; and (b) that no notice of the filing of the schedule by appellant was given to appellee pursuant to the requirements of the various subdivisions of section 737 of our Civil Code of Practice.

Cases cited in notes to the section of the statute supra, relating to the taking of appeals in such cases, and others cited to the section of the Code supra relating to the filing of schedules, clearly demonstrate that the grounds are both without merit. The transcript was filed with the Clerk of the Court of Appeals less than two years from the rendition of the judgment with a prayer for an appeal, which the clerk granted and which conformed to the practice in the taking of appeals in all cases where the transcript is filed with the clerk of this court less than twenty days before the second term of this court following the rendition of the judgment, and we have held—as will be seen in the notes referred to— that such a course will be treated as complying with section 950-3 supra of our Statutes. Likewise the cases in the notes to section 737 of the Civil Code of Practice sustain the proposition that no notice is required of the filing of a schedule—nor even is a schedule required—when the entire record is brought to this court

674

for review. According to the certificate of the clerk, as well as the schedule that was filed in this case, the entire record is here, and which disposes of both grounds for the dismissal of the appeal and requires that the motion be and it is overruled.

On the merits of the appeal there are a number of fatal errors requiring a reversal of the judgment, conspicuously among which are these three—(1) Failure of plaintiff to list for taxation the obligation sued on for the time she has owned it, which embraces the fiscal years of 1932 to and including 1935, as is required by section 4019a-13 of our Statutes. The penalty prescribed by the statute consists in withholding all remedy for the collection of the omitted obligation; (2) the failure of plaintiff to make proper demand of payment, and notice of dishonor if refused, of the obligation upon which her action is based, provided it was a negotiable instrument subject to the provisions of our "negotiable instruments" statute (now section 3720b-1 to and including section 3720b-195 of our present Statutes), and (3) that if the claim sued on is not such a negotiable one as to be governed by the same negotiable instruments statute— whereby plaintiff is not a holder in due course—then the pleaded and proven defense interposed by defendant was and is available against her, since it is a valid one and is nowhere contradicted in the record. Therefore defendant's motion for a peremptory instruction in his favor should have prevailed. The listed reasons will be briefly considered in the order named.

(1) Defendant before answering moved the court to require plaintiff to execute bond for cost upon the ground that she was a nonresident of the Commonwealth of Kentucky. In avoidance thereof she filed her affidavit which in substance denied that she was a nonresident of Kentucky and that "she in fact and truth regards Kentucky and Whitley County her home." Thereupon the court overruled defendant's motion and he then filed an amended answer relying on the non-listing by plaintiff of the obligation sued on for taxes during the years mentioned. In reply to that defense plaintiff averred that she failed to list for taxes the obligation sued on for the years involved because at the assessment dates of those years she was absent from Whitley County and the Commonwealth of Kentucky, and had no fixed home at any particular place "and not being in the state at the time of listing personal prop-

erty for taxes, she did not list said note as aforesaid."
She also averred in her reply that during the greater
part of the years involved "the matter in controversy
was in litigation" and that "under the circumstances
above set out she does not believe that her failure to list
said note for taxes is a bar to her right to recover there-
on." A demurrer filed to that paragraph of the reply
was overruled by the court with exception by defendant.
We are at a loss to know the grounds upon which that
order was made.

No denial of residence within the Commonwealth—
to which plaintiff swore a short while before filing her
reply in trying to avoid the requirement to execute a
bond for cost—was made in the reply to the answer rely-
ing upon the defense under consideration, and for that
reason it contained no avoidance whatever of it; result-
ing in the admission of its truth. This error alone fur-
nishes sufficient grounds for a reversal of the judg-
ment.

(2) Since it is clear—for reasons to be stated in
considering defense (3)—that the obligation sued on
does not come within the provisions of our negotiable in-
struments act, it will be unnecessary to discuss or de-
termine defense (2), although in passing it might be
stated that no presentment or demand of payment of
any nature or kind was ever made by plaintiff to the
maker of the obligation. But for the reasons stated,
we will not discuss the legal effect of such omission.

(3) In disposing of defense (3) it becomes neces-
sary to state the substance of the facts. Defendant pur-
chased a small tract of land in Whitley County at a
decretal sale and for which he agreed to pay $300.
Shortly thereafter he verbally sold the tract, after pro-
curing the commissioner's deed therefor, to one C. M.
Pratt, for the sum of $550. Before obtaining a deed
therefor (because all of the consideration had not been
paid) Pratt, on July 29, 1931, sold the land to Chester
B. Boschears for the price of $750, by which he realized
a profit of $200 over and above what he had agreed to
pay defendant for the land. Pratt not having obtained
a deed from defendant, procured the latter to convey
the land directly to Boschears. That transaction was
completed by Pratt, and, since he had not paid all of the
consideration of his purchase to defendant, he procured
Boschears to execute as evidencing a part of his de-

ferred payments the note in litigation for $225.00 payable to defendant, who made the conveyance to Boschears. However, $200 of the amount of that note belonged to Pratt with only the remaining $25 going to defendant after crediting Pratt's deferred payment with another note of Boschears for the same amount. Nine days thereafter and on August 7, 1931, defendant, in order to vest Pratt with the amount of his (Pratt's) interest in the instant note, wrote and signed this endorsement thereon: "I hereby transfer the within note to the amount of $200.00 to Chas. Pratt." "This August 7, 1931." Pratt, later transferred his interest in the note to plaintiff by a written endorsement saying: "Two hundred dollars of this note signed to Arch Sharp and Minnie Sharp." Arch Sharp, named in the latter endorsement, was the husband of plaintiff, but he had no real interest in the consideration for Pratt's endorsement. Besides he and plaintiff have since separated and are no longer living together as husband and wife.

Conceding that the note on its face made it a negotiable instrument coming within the provisions of our negotiable instruments statute, then its negotiability— necessary to clothe subsequent holders with the rights of a holder in due course so as to shut off defenses against prior parties thereto—was detroyed from and after the time defendant attempted to transfer to Pratt only a part of the unpaid amount for which the instrument was executed. See section 3720b-32 of our Statutes, supra, being a part of our negotiable instruments act. Plaintiff therefore was not a holder in due course of the amount of the note she seeks to recover in this action and any defense available to defendant as against Pratt—his endorsee—is likewise available against plaintiff. That defense was and is that defendant never had any interest in the $200 attempted to be transferred to Pratt, and that the note sued on was not executed to him with his knowledge or consent. For such reason only he made the endorsement whereby he attempted to transfer to Pratt the amount of the note going to the latter and for which he received no consideration whatever. It was only an effort on the part of defendant as trustee (so to speak) to transfer to his cestui que trust property belonging to the latter and which did not have the effect of obligating him to the cestui que trust as an endorser or even assignor, either jointly with the maker or otherwise.

Under the facts so alleged and proven, without an effort to contradict them, it was the clear duty of the court to sustain defendant's motion for the peremptory instruction requested, and it was likewise its duty to sustain defendant's demurrer to the petition, since it revealed the facts as above outlined.

Wherefore, for the reasons stated, the motion to grant the appeal is sustained, and the judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.