### DEMING v DEMING

Common Pleas Court, Lucas Co

Division of Domestic Relations.

Decided March 20, 1939

Fraser, Effler, Shumaker & Winn, Toledo, for plaintiff.

J. Irvin O'Connor, Toledo, for defendant.

### OPINION

By ALEXANDER, J.

The parties were divorced in 1936. They had agreed with reference to division of property, alimony, and child-support. The terms of the agreement were incorporated in the decree. The provisions relating to property division and alimony have by now been fully executed, but not the provision for child-support.

The parties agreed and the court decreed that the father should pay ten dollars ($10) per week each for the support of two minor daughters until they reached the age of twenty-three (23) respectively. Upon reaching twenty-one one of the daughters married. The father now applies to the court to modify the decree by discontinuing the child-support order as to the daughter who married.

**Quaere:** (1) May a child-suport order founded upon an agreement of the parents be modified by a discontinuance thereof? (2) If so, may it be modified after the child has reached her majority?

(1) In 1930, the Supreme Court decided **Corbett v Corbett, 123 Oh St 76.** The original decree in that case did not reserve continuing jurisdiction to modify the child-support order. The father therefore contended the court had no power later to modify "in any respect," and the Supreme Court said "this presents the sole issue for consideration here." **Held,** the court did have continuing jurisdiction to modify. The trial court had increased the award, but the Supreme Court apparently did not hinge its decision on that fact. The same case had been decided by the Court of Appeals in **36 Oh Ap 326,** but nowhere in the opinion was any distinction made between modification by increasing or decreasing.

In 1933, the Court of Appeals of Lucas county in **Campbell v Campbell, 46 Oh Ap 204,** held that an agreement between parents for the payment of child support may be modified by increasing same but not by decreasing it. This appears to be the first time this doctrine was announced in Ohio. The decision was based on an unreported case **Ryan v Ryan,** decided by the same court, which, in turn, was based on **Law v Law, 64 Oh St, 369.** But neither of these cases affirmatively or definitely laid down the doctrine announced in the Campbell case.

The decision in the Campbell case was by divided court, Judge Lloyd rendering a dissenting opinion.

In 1934, the Court of Appeals of Hamilton county decided **Ferger v Ferger 46 Oh Ap 558.** The syllabus reads:

"Where alimony for support of child is fixed by agreement of parties, agreement can not be modified by reducing amount, although the rule is different where amount originally is fixed by decree only or is increased."

The Corbett case, supra, is distinguished because in that case the amount was increased. The decision is based on the **Kettenring case, 29 Oh Ap 62,** the **Law case,** supra, and **Petersine v Thomas, 28 Oh St 596.** However, none of these cases squarely decided the question of the court's right to modify by decreasing. The Campbell case, supra, was not referred to.

In 1935, the Court of Appeals of Franklin county decided **Borst v Borst, 20 Abs 184.** The third paragraph of the syllabus reads:

"The agreement of the parties, if approved by the court and carried into its decree becomes a perpetual obligation not subject to a reduction, although an allowance thereunder for support of minor children may be increased."

The Franklin County court cites and follows the decision of the Lucas County court in the Campbell case.

In 1936 the same court (Franklin C. A.) decided **Perry v Perry, 21 Abs 577.** The syllabus reads:

"4. The provision of a separation agreement which was adopted as part of a divorce decree and which awarded custody and control of minor children to the wife during their minority and which bound the husband to pay to the wife a certain sum each month 'for the support and education' of the minor children 'during their minorities' does not oblige the husband to continue payments to the wife for a minor son who married with consent of his mother."

The question arose on contempt proceedings. The trial court found the father not guilty though he did not pay after the son's marriage. This judgment was affirmed. It strikes one that the court's refusal to enforce the agreement and the specific holding the obligation did not continue is tantamount to a modification of the decree by discontinuing the order.

In 1937 the same court (Franklin C. A.) in **Bucher v Bucher, 24 Abs 447,** comments upon the decision of the Lucas county Court of Appeals in the Campbell case as follows:

"We are not in entire harmony with the court's conclusion in that case. We do not believe the court's authority to modify the former order is limited to an increase of that order, but it is left to the discretion of the trial court to either increase or reduce the amount, as the best interests of the child may appear. This case involves an agreement of parties as to the allowance.
* * *

"We are in complete accord with the reasons given by Judge Lloyd in his dissenting opinion in this case. He states the matter so well that we refrain from commenting upon it."

In 1939, the Court of Appeals of Lucas county decided **Goodyear v Goodyear,** (unreported, C. A. 3559). In that case the record shows the parents agreed with reference to child-support, that the agreement was carried into the divorce decree and that some ten years later the trial court modified the decree by discontinuing the order. Although the mother vigorously contended that under the Campbell decision the court was without power so to modify the decree, the Court of Appeals nevertheless sustained the trial court.

In 1935 the Supreme Court reversed the Court of Appeals of Lorain county in **Newkirk v Newkirk, 129 Oh St 543, 2 OO 530.** No opinion was rendered but the case note reads:

"Divorce and alimony—court may modify decree by reducing payments for support of children—amount agreed by parties and approved by court."

The foregoing decisions make clear one thing: that the law in Ohio has not been clear on this point. It does seem, however, that the law in the Second and Sixth Appellate Districts, and probably the trend of authority in the state if the Newkirk note may be relied upon, is now to the effect the court may modify a child-support order by either increasing or decreasing, whether or not the order was founded upon an agreement of the parents. Perhaps the law ought to be so. In addition to the reasons given in Judge Lloyd's dissent in the Campbell case, and in the Perry and Bucher cases, a difficult situation is apt to be presented when the child dies, or becomes emancipated, or marries. We therefore hold that the fact an order for child-support is founded upon an agreement of the parents does not ipso facto deprive the court of power to modify same in any respect.

(2) But here the child in question married after reaching her majority. The fundamental consideration upon which is based a court's power to disregard an agreement of the parents and to modify a child-support order (whether by increasing or decreasing) must always be the **child's ultimate welfare.** When the child reaches twenty-one she is by law no longer a child. Therefore the basis of the court's power to intervene becomes non-existent.

In **Heckert v Heckert,** decided by the Mahoning county Court of Appeals in 1936 and reported in **57 Oh Ap 421, 11 OO 115,** the court says at page 430:

"It is, however, well recognized that the jurisdiction of the Common Pleas Court to award custody of children is limited to the awarding of the custody of the minor children of the parties, and the continuing jurisdiction of the Common Pleas Court to modify its decree of custody and support can exist no longer than the minority of the child or children of the parties.

"We think that the decree in question, by necessary implication, reserved jurisdiction in the Common Pleas Court to modify the order made by it, not only for the custody of the minor child, Donald, but also to modify and change the amount to be paid by the father during the minority of the child. It is well recognized that neither father nor mother is required by law to support an adult child. To the same effect is the recent case of **Blake v Blake, 20 Abs 3."**

And in 17 American Jurisprudence at page 535 we read:

"The power of a divorce court to review or make alterations of its orders touching the maintenance of minor children of the marriage ceases with their minority."

Granted that an agreement to support a child until it reaches the age of twenty-three is exceedingly unusual, we know of no rule of law or public policy that would prohibit or inhibit the making of such a contract. While the court appears to have enjoyed jurisdiction to modify such agreement during the child's minority, that jurisdiction terminated the instant the child ceased to be a child, even though her marriage may have obviated the need for further support by the father.

It is possible the omission of the contracting parties to provide for such a contingency as the marriage of their daughter was an oversight. This, however, would not authorize the court to reform their contract or the decree based thereon, in the absence of "clear and convincing evidence" that such omission was due to fraud or actual mistake or other ground for reformation. We have been favored with no evidence whatever on this point.

The application of the father is therefore denied.