## Michael v. Michael.

April 21, 1939.

James M. Gilbert, Judge.

R. S. ROSE and JESSIE T. DOYLE for appellant.

E. L. MORGAN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 21, 1937, there was pending in the Harlan circuit court the divorce action of Mattie T. Michael, plaintiff, against George L. Michael, defendant, and on that day judgment was rendered granting plaintiff therein the divorce for which she prayed in her petition and giving her the custody of the three infant children born to the parties. There was also rendered a judgment obligating defendant to pay by way of alimony and for the support of the children the sum of $175 per month, and he was further ordered and directed to pay certain other amounts and to perform other acts, all of which it is insisted in briefs was pursuant to a written agreement entered into between the parties prior to the rendition of the judgment. The contract or agree-

ment, as said in briefs, was filed in the divorce action; but none of that record has been brought here as a part of the transcript of this appeal, except the judgment that was rendered on final submission—the instant transcript beginning with a copy of that judgment. We, therefore, know nothing about any prior agreement, except what is stated in briefs, nor do we know anything about the pleadings in the divorce action or the respective contentions of the parties—either as grounds for the divorce, or in resistance thereof.

For something more than a year the husband (appellee herein) paid the monthly allowance as directed in the judgment, and he also performed other acts that it required of him, among which was to keep alive two insurance policies of $5000 each on his life for the benefit of his wife and children. At the time of the rendition of the judgment defendant was operating an electrical supply business in the city of Harlan, Kentucky, under the name of "Electric Service and Supply Company," but his office equipment and material on hand appears to have been incumbered with a mortgage. However, he struggled along and managed to make the payments as indicated, but finally his creditors sued him and attached his property, which the court took charge of and deprived him of the use of it. He then ceased to make the payments, and on motion of appellant—his divorced wife—a rule issued against him to show cause why he should not be punished for contempt. He responded, setting up the fact of the action of his creditors in attaching his property and depriving him of all earning opportunity whereby he was totally disabled financially from completely complying with the judgment. He, therefore, asked that the monthly allowance be reduced, and other modifications be made in the judgment so as to enable him to comply therewith. In that response he expressed an earnest desire and determination to take care of the maintenance of his children and to otherwise comply with the judgment to the extent of his financial ability.

Evidence was heard, but none of it was brought here as a part of this transcript, and we know nothing of what it consisted, except what is stated in brief of appellee, and in the judgment of the Court complained of on this appeal. That judgment was and is a temporary reduction of the amount of the monthly allowance to $75 per month, with some other alterations in unexe-

cuted portions of the judgment, but much of which had already been discharged before the rule issued. From the modified judgment as so rendered appellant prosecutes this appeal, insisting through her counsel on many questions and propositions which they contend render the judgment erroneous, chief among which is that the original judgment was final and was not subject to modification after the adjournment of the term of court at which it was rendered. However, that contention is made in the face of Section 2123 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, and the many cases cited in the notes thereto, together with a number of others rendered since the publication of that edition of the statute, one of which is Keith v. Keith, 270 Ky. 655, 110 S. W. (2d) 424. The text in 19 C. J. 270, section 617, discusses statutes similar to our section 2123, supra, and it and succeeding sections acknowledge the right of courts rendering alimony decrees—even in judgments granting an absolute divorce—to modify their alimony provisions when in its sound discretion modification is needed. It is therein pointed out that such motions for modification may be made by either party, and one of the grounds therefor is, inability of the husband to meet the allowances as adjudged. It is likewise pointed out in the section of the text referred to (on page 271 of the indicated volume) that such modifications may be made even though the judgment incorporated allowances to which the parties had previously agreed before the judgment was rendered, and which right prevails except where the agreement or the judgment pursuant thereto is "in gross." It is, therefore, clear that the contention that the court had no right to modify the alimony portion of the original judgment is without merit.

Appellee has entered motion to dismiss the appeal upon the two grounds (1) that the amount involved (consisting of the derelict monthly payments) being only about $300, a direct appeal to this Court does not lie, and that a motion for an appeal should have been made pursuant to the provisions of section 950-1 of our Statutes, supra, but which was not done; and (2) that the record is incomplete, since the original divorce proceedings should have been made a part of it, and especially should the evidence heard on the trial of the contempt rule be made a part of it. Another reason (3) (but which is not expressly relied on) is, that the record

brought here (for this appeal) is only a partial one pursuant to a schedule for that purpose, but no notice of the filing of that partial schedule was given by appellant to appellee. See the two cases of White v. Sharp, 275 Ky. 671, 122 S. W. (2d) 474, and Jesse v. Haney, 275 Ky. 699, 122 S. W. (2d) 490. Each of grounds (1) and (3) appear to be well taken and a strict adherence to the practice would require that the appeal should be dismissed as based thereon; but ground (2) goes rather to the merits of the case than in support of the motion to dismiss, since the absence of the evidence would justify an affirmance of the judgment if the pleadings and other procedure had in the trial court were sufficient to authorize it, which in this case is true.

However, inasmuch as the court had the right and authority in the exercise of its sound discretion (as we have hereinbefore pointed out) to modify the original alimony judgment, and since it is recited in the judgment that the proof sustained the grounds for the modification, we have concluded to dispose of the case on its merits rather than to dismiss the appeal. It will, therefore, be presumed that the evidence heard on the trial of the motion by appellee for such modification—and of the contempt rule issued against him—justified the reduction and supported the reasons advanced therefor in appellee's motion made for that purpose.

Much ado is made in brief for appellant over the refusal of the court to vacate the bench pursuant to motion made for that purpose. The motion was made after the trial had been entered into and following a wordy altercation between counsel for appellant and the court upon his ruling that he had jurisdiction to hear evidence upon the motion to reduce the alimony allowance, and to exercise his discretion in view of the testimony heard as to whether or not he would sustain the motion. The remarks of counsel, as we gather from the record, were more or less vexatious and carried with them the intimation that the court was biased in behalf of appellee; but all of which, so far as this record shows, was without a semblance of foundation. The affidavit filed in support of the motion for the court to vacate the bench was wholly insufficient in that it set forth no tangible reason therefor, and expressed only a vague unfounded conclusion on the part of counsel. It was properly overruled.

Wherefore, the judgment is affirmed.