Zimmerman, J.,
 

 dissenting. On September 10, 1936, the plaintiff and the defendant, who were wife and husband, respectively, entered into a written separation agreement whereby the defendant transferred to the plaintiff all his rights in certain personal property, for which he was released from any further claims and demands on her part. In the same instrument the defendant agreed to pay for the maintenance and support of their minor child the sum of $100 per month from August 1, 1936, to September 27, 1943, and an increasing monthly amount thereafter until September 27, 1952, when the child would reach her twenty-first birthday.
 

 At the time the separation agreement was executed and until March 1, 1937, the defendant had an annual income of approximately $4,800.
 

 The plaintiff brought suit for divorce against the defendant in the Court of Common Pleas of Wood county, and on January 15, 1937, was granted a decree of divorce because of the defendant’s aggression. Incorporated in such decree were the principal provisions of the separation agreement, upon a finding that the same were reasonable.
 

 On November 18, 1939, the defendant filed a motion asking that he be relieved from “making payments [for the support and maintenance of the child] as required by the former decree of this court, and for an
 
 *196
 
 order altering the same in such manner as to the court may seem right and proper, and as the facts and circumstances may require.”
 

 At a hearing on the motion, the defendant testified that he was then attending an agricultural college and since September 1, 1938, had been managing his father’s stock farm at a salary of $100 per month. He also testified he was indebted to his father in the sum of nearly $12,000 and that he was receiving no income other than this monthly amount of $100, except occasional gifts from his father. It further appears in the bill of exceptions that both the plaintiff and defendant have embarked on new marital ventures since their divorce.
 

 The Court of Common Pleas sustained plaintiff’s motion to dismiss the defendant’s motion for modification, on the ground that it had no jurisdiction to hear and determine the same. Such action was based on the holding of the Court of Appeals of the Sixth Appellate District, in
 
 Campbell
 
 v.
 
 Campbell,
 
 46 Ohio App., 197, 188 N. E., 300.
 

 An appeal was perfected to the Court of Appeals on questions of law, where the judgment below was reversed by a unanimous court for the reasons given in the dissenting opinion in the
 
 Campbell case,
 
 and on what was believed to have been held by this court in
 
 Newkirk
 
 v.
 
 Newkirk,
 
 129 Ohio St., 543, 196 N. E., 146, consisting of a short and uninformative journal entry reversing the judgment of the Court of Appeals and affirming that of the Court of Common Pleas. Whereupon the cause was remanded to the trial court for further proceedings.
 

 There is a substantial basis for the conclusion of the Court of Appeals in respect to the
 
 Newkirk case.
 
 An examination of the record in such case discloses that Bertha Newkirk secured a divorce from Enoch B. Newkirk in the Court of Common Pleas of Lorain county on March 24,1923, in an uncontested case. In
 
 *197
 
 the decree Mrs. Newkirk was awarded custody of the minor children and Mr. Newkirk was ordered to pay $8.50 per week for the support of each child during his or her minority. When the divorce was granted the court stated in writing on the appearance docket, “alimony settlement and provision for support of children of the parties approved.”
 

 On May 24, 1934, Mr. Newkirk filed a motion in the original case to modify the decree as to the support of the minor child, Biehard Newkirk, for the reason that he was then about eighteen years old and self-supporting. Upon hearing, the motion was allowed and all payments for Bichard’s support from and after June 2, 1934, were abrogated.
 

 On proceedings in error the Court of Appeals reversed the judgment of the Common Pleas Court, using this language in its judgment entry:
 

 “And the evidence * * # establishing beyond question that said provision' in said decree for said support was made in pursuance of an agreement of the parties, approved by the court, the Common Pleas Court was without jurisdiction to abrogate same and therefore, proceeding to enter the judgment which the Common Pleas Court should have entered, the motion of defendant in error to modify said decree is overruled and the proceedings on said motion are dismissed.”
 

 It is significant that this court reversed the judgment of the Court of Appeals in the
 
 Newkirk case
 
 and affirmed that of the trial court wholly on authority of
 
 Corbett
 
 v.
 
 Corbett,
 
 123 Ohio St., 76, 174 N. E., 10, wherein the modification of a divorce decree as to the support of two minor children was approved, even though an agreement of the parties covering that matter formed the basis of the decree.
 

 The single question now presented in the pending case is whether the Court of Appeals erred in adjudging that the Court of Common Pleas of Wood county
 
 *198
 
 possessed the authority to hear and decide the defendant’s motion for modification.
 

 “It appears to be the general rule, that where a court has the general power to modify a decree for alimony or support [including that for minor children], the exercise of that power is not affected by the fact that the decree is based on an agreement entered into by the parties to the action.” 58 A. L. R., 639, annotation. See, also, 109 A. L. R., 1068, annotation.
 

 From an examination of many cases, I am satisfied that the weight of authority today upholds the proposition that a divorce decree providing for alimony and/or the support of minor children, payable in installments, may be subsequently modified to increase or decrease the payments according to changing circumstances, notwithstanding it is based on an agreement of the parties, embodied in the decree. True, in a number of the decisions supporting the above rule the courts have relied in part at least on statutes granting general power to modify a judgment for permanent alimony or support from time to time, but in other of the decisions no statutes are involved.
 

 Worthington
 
 v.
 
 Worthington,
 
 224 Ala., 237, 139 So., 334;
 
 Holmes
 
 v.
 
 Holmes,
 
 186 Ark., 251, 53 S. W. (2d), 226;
 
 Herrick
 
 v.
 
 Herrick,
 
 319 Ill., 146, 149 N. E., 820;
 
 Maginnis
 
 v.
 
 Maginnis,
 
 323 Ill., 113, 153 N. E., 654;
 
 Adler
 
 v.
 
 Adler,
 
 373 Ill., 361, 26 N. E. (2d), 504;
 
 Nicolls
 
 v.
 
 Nicolls,
 
 211 Iowa, 1193, 235 N. W., 288;
 
 Keith
 
 v.
 
 Keith,
 
 270 Ky., 655, 110 S. W. (2d), 424;
 
 Wilson
 
 v.
 
 Caswell,
 
 272 Mass., 297, 172 N. E., 251;
 
 Schweim
 
 v.
 
 Schweim,
 
 233 Mich., 67, 206 N. W., 353;
 
 Eddy
 
 v.
 
 Eddy,
 
 264 Mich., 328, 249 N. W., 868;
 
 Warren
 
 v.
 
 Warren,
 
 116 Minn., 458, 133 N. W., 1009;
 
 Randall
 
 v.
 
 Randall,
 
 181 Minn., 18, 231 N. W., 413;
 
 Goldman
 
 v.
 
 Goldman,
 
 282 N. Y., 296, 26 N. E. (2d), 265;
 
 Warrington
 
 v.
 
 Warrington,
 
 160 Ore., 77, 83 P. (2d), 479;
 
 Reynolds
 
 v.
 
 Reynolds,
 
 53 R. I., 326, 166 A., 686;
 
 Shoop
 
 v.
 
 Shoop,
 
 58 S. D., 593, 237 N. W., 904;
 
 Jeter
 
 v.
 
 Jeter,
 
 193 S. C., 278, 8 S. E.
 
 *199
 
 (2d), 490;
 
 Mason
 
 v.
 
 Mason,
 
 163 Tenn., 520, 43 S. W. (2d), 1067;
 
 Gloth
 
 v.
 
 Gloth,
 
 154 Va., 511, 153 S. E., 879, 71 A. L. R., 700;
 
 Troyer
 
 v.
 
 Troyer,
 
 177 Wash., 88, 30 P. (2d), 963;
 
 Lonabaugh
 
 v.
 
 Lonabaugh,
 
 46 Wyo., 23, 22 P. (2d), 199.
 

 In the main, the theory of the cases is that when the agreement produced is sanctioned by the court and introduced into the decree as an integral part thereof, it loses its contractual nature by the merger and becomes solely the judgment of the court.
 

 In the
 
 per curiam
 
 opinion in
 
 Law
 
 v.
 
 Law,
 
 64 Ohio St., 369, 60 N. E., 560, decided in 1901, this court adopted the view, as expressed in the syllabus, that: “A divorce being decreed for the aggression of the husband, and
 
 alimony
 
 being adjudged to the wife in accordance with an agreement of the parties, the terms of the decree
 
 as to alimony
 
 are not, if unaffected by fraud or mistake, subject to modification upon a petition filed by the former husband after the term at which the original decree was made.” (Italics mine.) Compare,
 
 Hassaurek
 
 v.
 
 Markbreit, Admr.,
 
 68 Ohio St., 554, 580, 67 N. E., 1066, 1068.
 

 “Alimony” alone is mentioned in the syllabus and opinion of the
 
 Law case,
 
 and “changes in property rights” in the
 
 Hassaurek case.
 
 In the latter case the father obtained the divorce and the custody of the children.
 

 A real distinction exists between alimony and an allowance for the support of minor children.
 
 Pretzinger
 
 v.
 
 Pretzinger,
 
 45 Ohio St., 452, 459, 15 N. E., 471, 474, 4 Am. St. Rep., 542, 544; 17 American Jurisprudence, 531, Section 695.
 

 Recognizing the difference, there are cases taking the position.that while in the absence of fraud or mistake, there can be no modification of an absolute and final divorce decree granting permanent alimony to the wife,' a decree making provision for the maintenance of minor children may always be modified.
 
 Keith
 
 v.
 
 *200
 

 Keith, supra
 
 (270 Ky., 655, 110 S. W. [2d], 424);
 
 Pauley
 
 v.
 
 Pauley,
 
 280 Ky., 66, 132 S. W. (2d), 512;
 
 Ruge
 
 v.
 
 Ruge,
 
 97 Wash., 51, 165 P., 1063, L. R. A. 1917F, 721, and annotation beginning on page 729. In a divorce action “there can be no final judgment as to infant children.”
 
 Keith
 
 v.
 
 Keith, supra.
 

 If it is now the law of Ohio that an award of alimony to the wife in a divorce action cannot be altered by subsequent order when predicated upon an agreement of the parties carried into the divorce decree, I am unwilling to extend any such doctrine to cases like the present one.
 

 In this modern day the “best interest” of the child is of primary importance (Section 8033, General Code), and it has been held by this court that an order or judgment as to the custody or support of minor children is a continuing one, subject to alteration under varying conditions. No reservation, of the power to modify, in the original order is necessary.
 
 Neil
 
 v.
 
 Neil,
 
 38 Ohio St., 558;
 
 Rogers
 
 v.
 
 Rogers,
 
 51 Ohio St., 1, 36 N. E., 310. And this is so, regardless of an agreement between the parents judicially approved.
 
 Corbett
 
 v.
 
 Corbett, supra
 
 (123 Ohio St., 76, 174 N. E., 10). Prom these pronouncements it should logically follow that the proper court has inherent power to modify in
 
 any
 
 just or reasonable manner, a former decree embracing the support of children.
 

 The best interests of the child being the criterion, I can readily conceive of situations where those interests would be served by granting a reduction in the amount for support previously decreed. A father earning less salary or wages than when the original decree was entered might not be able to make the stipulated payments. It would be far better for the child to have an order reducing payments in keeping with the father’s ability to pay than to throw the father in jail for contempt of court, which might cost him his job, or have
 
 *201
 
 him leave permanently for “parts unknown,” to escape a financial burden oppressive beyond endurance.
 

 Again, the father and mother of minor children stand equally charged with “their care, nurture, welfare and education.” Section 10507-8, General Code. See, also, 30 Ohio Jurisprudence, 595, Section 48. If after divorce the mother should become the recipient of a considerable sum of money or a large amount of property, it would be only fair and right to relieve the father from a part of the obligation of support theretofore ordered, when his earnings and income had appreciably diminished. Moreover, a child for whom support had been ordered might, before reaching majority, secure lucrative employment in business or industry, as in
 
 Newkirk
 
 v.
 
 Newkirk, supra
 
 (129 Ohio St., 543, 196 N. E., 146), be left a fortune or marry advantageously. Under such facts the struggling father ought to be released by the court from additional contributions.
 

 In
 
 Campbell
 
 v.
 
 Campbell, supra
 
 (46 Ohio App., 197, 188 N. E., 300), relied on by the trial court in the instant case, it was held that payments for the support of minor children, as contained in an agreement between husband and wife, which agreement was incorporated in the decree of divorce, could not be reduced upon the husband’s motion for modification, because such action would impair the obligation of the contract, but that it would be altogether permissible on the grounds of public policy touching the child’s welfare to increase the payments if under changed conditions they proved inadequate.
 

 The
 
 Campbell case,
 
 as does the majority opinion herein, proceeds on the theory that the agreement of the parties keeps its identity and remains dominant after inclusion in the decree, and that any
 
 decrease
 
 in the amount stipulated is inhibited because the impairment of a contract obligation would result. If this approach is correct, why is it not equally forbidden to
 
 *202
 

 increase
 
 the amount definitely fixed by the agreement? “The obligation of a contract consists in its binding force on the parties who made it.” 8 Ohio Jurisprudence, 580, Section 445. See, also,
 
 Goodale
 
 v.
 
 Fennell,
 
 27 Ohio St., 426, 431, 22 Am. Rep., 321, 325.
 

 It would seem to me that the prohibition against the impairment of the obligation of contracts is without application when an agreement having to do with the support of minor children is embodied in the divorce decree. The contractual character of such agreement disappears through absorption. The decree, product of judicial action, becomes the controlling thing of exclusive concern and
 
 its
 
 modification is the matter presented to the court. In passing it may be appropriate to note that we are not here concerned with the rights of the parties under the agreement itself as an independent instrument in another and different kind of action.
 
 Goldman
 
 v.
 
 Goldman, supra
 
 (282 N. Y., 296, 26 N. E. [2d], 265).
 

 My studied conviction is that the judgment of the Court of Appeals, returning the case to the court of first instance for a determination on the facts, is cor- • rect and should be affirmed.