## Duncan v. Burnett.

Dec. 1, 1942.

Dodd & Dodd for petitioner.

William S. Kammerer and Davis W. Edwards for respondent.

OPINION OF THE COURT BY JUDGE REES—Overruling Motion.

This is an original proceeding in this court in which the petitioner seeks a writ prohibiting Hon. Gilbert Burnett, Judge of the Jefferson Circuit Court, Chancery Branch, Second Division, from amending the judgment entered in said court on May 13, 1942, in the action of Anne Louise Munson Duncan v. Charles Y. Duncan, and from entering any order therein affecting the custody of petitioner's three children.

It appears from the pleadings that on February 17, 1940, Anne Louise Munson Duncan instituted an action in the Jefferson Circuit Court against Charles Y. Duncan for divorce and for the custody of their three children, Charles Y. Duncan, Jr., now 8 years of age, Anne Franchot Duncan, now 5 years of age, and Edgar Munson Duncan, now 3 years of age. On May 13, 1942, the court entered a judgment granting the plaintiff in that action an absolute divorce from the petitioner and awarding her the custody of their three children. She also was awarded alimony at the rate of $60 a month, and was allowed

$500 for her attorneys, payable at the rate of $20 a month. On the same day Charles Y. Duncan was granted an appeal. Section 3 of the judgment reads as follows:

"3. That the plaintiff, be and she is hereby granted the custody of the three infant children, Charles Y. Duncan, Jr., Anne Franchot Duncan, and Edgar Munson Duncan, with the right of visitation in said defendant to see and be with said children and each of them on Saturday of each calendar week from 2:00 o'clock P. M., until 6:00 o'clock P. M., said visitation shall be in the presence of a person mutually agreed upon between the plaintiff and defendant, and if they are unable to agree, then the said Court shall designate a person to be present, provided that said children shall not be removed from Jefferson County for a period longer than two months without an order of the Court. Provided further if said children are at any time taken out of this County it shall be the duty of the plaintiff to keep the defendant advised as to the whereabouts of said children."

On October 28, 1942, at the request of the attorneys representing Mrs. Duncan a conference between them and the attorneys for Mr. Duncan was held at which the respondent, Hon. Gilbert Burnett, was present. Mrs. Duncan's attorneys stated that she desired to change her residence from Jefferson county, Kentucky, to the state of Pennsylvania, and desired permission of the court to take with her to Pennsylvania the three children whose custody had been awarded to her. At the conclusion of the conference respondent stated that if Mrs. Duncan's counsel would prepare and offer a motion supported by an affidavit he would sustain the motion and either amend the judgment of May 13, 1942, or enter an order allowing Mrs. Duncan to take the children to Pennsylvania. It appears that Mrs. Duncan desired to be permitted to take her children to the city of Wayne, a suburb of Philadelphia, Pennsylvania, in order to be near her relatives who reside there and who furnish most of the financial support for herself and children. The answer contains this:

"Respondent, fully realizing that it was his duty to protect the welfare of these children first and that anything he did with reference to their care and custody was always subject to future orders of the Court, thought under all of the circumstances that

the care, welfare and comfort of the children would be best served by allowing their mother to take them where they would be near those relatives who were furnishing them, and were in a position to furnish them, with adequate and comfortable financial support, and that residing near such relatives would encourage the continuance of such voluntary and substantial contributions upon which Mrs. Duncan and her children are almost entirely dependent. This, of course, would have been subject to any adverse showing by Mr. Duncan's counsel. * * *

"The respondent has never seen the motion or a copy of it, or the affidavit which the petitioner says was proposed by Mrs. Duncan's counsel, and does not know what it contains or fails to contain. He did, however, after listening to counsel for both sides, as above stated, indicate that he would act favorably upon any such motion.

"Respondent further says that whenever a motion is made or an amended petition is filed in the case between the Duncans with respect to the care and custody of such children, he will pass on it according to the facts and his best judgment, but that he does not intend to, and never did intend to, end the question as to the care and custody of said children. No judgment or order he could enter would or could have such effect. Furthermore, the respondent never intended to place the Duncan children beyond the control of all courts or where the orders of the Jefferson Circuit Court and those of the Court of Appeals of Kentucky cannot be enforced.

"If this respondent enters an order permitting Anne Louise Munson Duncan to take the said children from the State, provision will be made requiring their return whenever the Court so orders and also a method by which they may be visited by their father or they visit him."

Before the motion was made and on October 30, 1942, Charles Y. Duncan perfected his appeal from the judgment of May 13, 1942, by filing in the office of the clerk of the Court of Appeals a copy of the transcript of the record. On the same day he instituted this proceeding for a writ of prohibition.

It is argued that respondent is without jurisdiction to enter any order relative to the custody of the petitioner's three children, and that the supervisory control over inferior courts vested in this court by Section 110 of the Constitution should be exercised, and a writ of prohibition granted so as to prevent irreparable injury and injustice to the petitioner. It is claimed the respondent is without jurisdiction for two reasons: (1) The Jefferson Circuit Court is a court of continuous session, and more than sixty days having expired since rendition of the divorce judgment the court has lost control over that judgment; and (2) the petitioner who was the defendant in the divorce proceeding has perfected an appeal from the divorce judgment, and, consequently, the jurisdiction of the Court of Appeals has attached, and the jurisdiction of the trial court has ceased.

The first claim is without merit. KRS 451.130, Carroll's Kentucky Statutes, Section 988, provides that courts of continuous session shall have control of their judgments for only sixty days, but KRS 403.070, Carroll's Kentucky Statutes, Section 2123, provides that:

"Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties and any of their children of unsound mind. At any time afterward, upon the petition of either parent, the court may revise any of its orders as to the children, having principally in view in all such cases the interest and welfare of the children."

We have uniformly held that the court granting the divorce retains jurisdiction to revise orders relative to the care and custody of children. Parks v. Parks, 209 Ky. 127, 272, S. W. 419; Napier v. Napier, 286 Ky. 452, 151 S. W. (2d) 72; Boyers v. Boyers, 283 Ky. 1, 140 S. W. (2d) 646; Lawson v. Lawson, 278 Ky. 602, 129 S. W. (2d) 135; Keith v. Keith, 270 Ky. 655, 110 S. W. (2d) 424; Harmon v. Harmon, 264 Ky. 315, 94 S. W. (2d) 670. In Keith v. Keith [270 Ky. 655, 110 S. W. (2d) 427], it was said: "It is the well-settled rule that there can be no final judgment as to infant children and, under Section 2123 of our Statutes, the chancellor should retain the case on the docket for future consideration; but, if he fails to do so, either parent may, by notice to the other, have the case redocketed and is entitled to a reconsideration of the case for the purpose of determining any changed

conditions relating to the children or changed financial conditions of the parents,'' and in Harmon v. Harmon [264 Ky. 315, 94 S. W. (2d) 673], the court said: ''Fortunately for the child, any decree respecting his custody is not final, but the court will retain jurisdiction and should have the case kept on the docket for such revision or modification of the decree as will conform to the child's future necessity or welfare.''

We are likewise of the opinion that an appeal from the divorce judgment does not deprive the circuit court of jurisdiction to enter orders relative to the care and custody of the children pending the appeal. Petitioner relies upon Hertel v. Edwards, Judge, 201 Ky. 456, 257 S. W. 36, which also was an original proceeding in the Court of Appeals, in which a writ was sought to prohibit the circuit judge from entering an order making an allowance for maintenance to the wife pending an appeal from a judgment of divorce, the appeal having been perfected. In that case the writ was granted, and it was held that the circuit court has jurisdiction in a divorce proceeding while the case is pending in that court to make an order allowing the wife maintenance pending action in the lower court, as well as in the Appellate Court, and that jurisdiction for this purpose continues until an appeal has been perfected by filing the record in the Court of Appeals. After the appeal has been perfected, jurisdiction for the purpose of making an allowance to the wife pending the appeal is exclusively with the Appellate Court. Where the care and custody of children is involved, a wholly different question is presented. The interest and welfare of the child must be kept in view, and some court should have the power to make such temporary orders as may be necessary to protect the child pending the appeal. Undoubtedly, it was the purpose of the Legislature, in enacting KRS 403.070, to vest such power in the circuit court. The circuit court and not the Court of Appeals is the proper court to exercise the power in the first instance. The chancellor is familiar with the record in the action for divorce, and knows the parties and the conditions surrounding them. If those conditions change and the interest and welfare of the child will be promoted by revising the order made as to its care and custody, the chancellor, after a proper hearing, is the one best qualified to determine how and to what extent the order should be altered. This court may not reverse a judgment granting a

divorce, but it may review an order of the chancellor relative to the custody of children. Sowders v. Sowders, 286 Ky. 269, 150 S. W. (2d) 903; Casebolt v. Casebolt, 170 Ky. 88, 185 S. W. 510. Any opinion rendered by this court on the appeal from the judgment of May 13, 1942, will be based on the record in that case and will not preclude the circuit court from revising the judgment as to the care and custody of the children if it appears that conditions have changed since the entry of that judgment.

In the present case the mother of the children is a party to the action in the circuit court, and any order entered by that court will be binding on her. It is argued that if she is permitted to leave the state and take the children with her the circuit court will be unable to enforce any order entered by it relative to the care and custody of the children, but if she should be inclined to ignore the judgment of the Jefferson Circuit Court, the courts of the state to which she moved undoubtedly would enforce it through contempt proceedings or otherwise. Stafford v. Stafford, 287 Ky. 804, 155 S. W. (2d) 220. We are of the opinion that the respondent has jurisdiction to enter an order revising the judgment relative to the care and custody of the children and that the petitioner has an adequate remedy by appeal.

The motion for a writ of prohibition is overruled, the writ is denied, and the petition is dismissed.