**Miller WITT, Appellant,**

v.

**Edda Neal WITT, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1957.

Rehearing Denied Dec. 13, 1957.

Shumate & Shumate, Irvine, for appellant.

Alton S. Payne, Winchester, for appellee.

SIMS, Judge.

This appeal by the husband is from a judgment which dismissed his divorce action and granted his wife a divorce from bed and board on her counter-claim and allowed her maintenance of $35 per month until further orders of the court and awarded her alimony in the lump sum of $2,000. The husband sued for an absolute divorce on the ground of cruel and inhuman treatment. The wife's answer denied the charges of the husband and by way of counter-claim she sought a divorce from bed and board upon the ground of cruel and inhuman treat-

1

ment, and asked permanent support in the sum of $150 per month.

The parties were married in 1922 and the husband is now 59 years of age and the wife 55. They reared a family of six children, three boys and three girls, all of whom are happily married and appear to be rather prosperous. Mr. Witt is afflicted with stomach ulcers, which he attributes to the constant nagging of his wife. Mrs. Witt is in a highly nervous state, which she claims is the result of her husband's mistreatment. She has undergone several operations, one for malignancy of the womb, from which she appears to have recovered, but her general health is not good.

Mr. Witt formerly worked for a railroad company but had to give up that employment due to poor health. For some years he has been postmaster in the country post office of Witt Springs, in Estill County, which he now operates in his home. His salary as postmaster is $124.60 per month, which after necessary deductions gives him "take home pay" of $116.72. He has no other income. Mr. Witt owns a little place of 27 acres where the couple made their home and which is now worth in round numbers $5,000, but there is a $1,500 mortgage on it. The only other property Mr. Witt owns is a 1953 Ford automobile, the value of which is not shown, and a $2,000 insurance policy on his life in which his wife is the beneficiary, and a $3,000 insurance policy on her life in which policy he is the beneficiary.

Mrs. Witt has no property and has no training in any trade. Since the separation in November 1955, she has been making her home with her children.

The costs in this action, including $150 attorney fee to the wife, were properly adjudged against Mr. Witt and no complaint seems to be made on this score. Mr. Witt owes $100 to a bank and some doctor bills. It may be safely said that his indebtedness, including the costs in this action, will amount to something over $500. Mr. Witt

testified that due to his health he cannot operate the post office without assistance and he employed a young lady to help him. Out of his net salary of $1,400 a year, he testified his business and living expenses, including the premiums on the life insurance policies above mentioned, amount to $1,280. This leaves only $120 a year over his actual expenses.

Mrs. Witt testified her husband was oversexed, which he denied, and that for years he has been "chasing other women." He denied he has ever been a "woman chaser" and testified he has always lived true to his marital vows. Mrs. Witt seems much perturbed about the young lady who assists Mr. Witt in his post office work. However, all she could prove is that Mr. Witt drove the girl to and from work, occasionally bought her an ice cream cone, Coca-Cola and chewing gum and would draw her drinking water from the well. Mrs. Witt testified that her husband asked to have sexual relations with her a few hours after she returned from a hospital following a serious operation. Furthermore, she testified he was high tempered, self-pitying and bent on having his own way.

Mr. Witt's testimony in a nut shell is that his wife was cold toward him, refused to treat him as a husband and after cooking his meals would seldom eat with him. He said she nagged him incessantly about running after women when there was no foundation for her complaint. Furthermore, he stated that after their separation the nervous strain he was under while living with Mrs. Witt ceased and his health has improved.

■ This record shows Mr. Witt was cruel and inhuman toward his wife and that she in turn was cruel and inhuman toward him. We cannot say the chancellor erred in dismissing the husband's complaint and granting the wife a divorce from bed and board. However, as was pointed out in Coleman v. Coleman, Ky., 269 S.W.2d 730, at page 737, a divorce from bed and board "is a poor arrangement at best."

Perhaps it would have been better had the chancellor granted Mr. Witt the divorce and allowed Mrs. Witt maintenance, as he well might have done under the Coleman opinion, since Mrs. Witt was guilty of no moral turpitude and was not wholly at fault in their separation. We say maintenance, as it is apparent that Mr. Witt is financially unable to pay alimony and the best he can do and live himself is to contribute toward Mrs. Witt's support. In her condition, all of Mr. Witt's income and property would hardly suffice to provide for Mrs. Witt's needs. But Mr. Witt has to live also, and he cannot be stripped of all of his property or of his means of earning a livelihood.

If the $2,000 lump sum alimony stands, it will ultimately result in the sale of Mr. Witt's home in which he keeps the post office, whereby he earns his living. He only has an equity in this home of $3,500, which with the 1953 Ford, constitutes his wealth. He has an indebtedness of over $500 which makes his net worth around $3,000, all invested in property he uses in his business. Mr. Witt's earnings are only $1,400 a year and we believe that instead of affirming the judgment granting Mrs. Witt $35 a month maintenance and lump sum alimony of $2,000, it will be more practical to reverse it and to increase the maintenance allowance to $50 a month and do away with the lump sum alimony. In this way both parties may fare better.

We call attention to a supplemental record in this case showing that in a separate and independent suit filed by Mr. Witt on the ground of one year's abandonment by the wife, the court granted him an absolute divorce, but that judgment expressly states it does not alter the previous one granting Mrs. Witt $35 per month and lump sum alimony of $2,000. Mrs. Witt is not complaining of this judgment and she could not do so since it does not affect the allowances made her by the chancellor. There can be no appeal from a judgment granting a divorce although we can review such questions as maintenance, alimony and the custody of minor children. KRS 21.060; Sowders v. Sowders, 286 Ky. 269, 150 S.W.2d 903; Duncan v. Burnett, 292 Ky. 269, 166 S.W.2d 419.

The judgment is reversed and one will be entered in conformity with this opinion.