Wanda F. SHROCK, Cecilia Michele Shrock and Stephanie Robin Shrock, Respondents,

v.

WOLFE AUTO SALES, INC., Appellant.

No. 48933.

Supreme Court of Missouri,

Division No. 2.

July 16, 1962.

Chapman & Chapman, Nolan Chapman, Chillicothe, for appellant.

Stephen J. Millett, Kingston (Knipmeyer, McCann & Millett, Kansas City, of counsel), for respondents.

BARRETT, Commissioner.

Upon the claim that her husband, Robert M. Shrock, died as the result of injuries arising out of and in the course of his employment (V.A.M.S. § 287.120) as a salesman for Wolfe Auto Sales the Industrial Commission made an award of $15,500 to Mrs. Shrock and their dependent children, Cecilia, age 6, and Stephanie, age 4. The employer, Wolfe Auto Sales, has appealed from a judgment of the circuit court affirming the award of the commission, and in the circumstances this court has jurisdiction of the appeal. Conley v. Meyers, (Mo.) 304 S.W.2d 9, 10.

Basically, the appellant's claim is that there was not sufficient competent evidence to warrant the making of the award. Specifically, the employer contends that by circumstantial evidence it was established that Shrock's injury and death did not occur "in the course of his employment" (V.A.M.S. § 287.120) and that, therefore, the dependents' claim was not compensable as a matter of law. The parties have rather extensively briefed the general rules applicable to compensation cases and their review by appellate courts, but it would serve no useful purpose to again encumber an opinion with a repetition of the rules. It is suffi-

cient to list by way of illustration a few of the cases in which the rules were recently set forth. Corp v. Joplin Cement Co., (Mo.) 337 S.W.2d 252; Monical v. Armour & Co., (Mo.) 307 S.W.2d 389; Spradling v. International Shoe Co., 364 Mo. 938, 270 S.W.2d 28. In Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909, a case relied upon by the appellant, there was no conflict in the evidence, the facts were undisputed, and so this court in 1935 declared as a matter of law that Maltz was not an independent contractor. In connection with that case, however, there should be the caveat that since 1935 there has been a change in the scope of review as well as to the effect to be attributed to findings of fact by the commission. Const. Mo., Art. 5, Sec. 22, V.A.M.S.; V.A.M.S. § 287.490, subd. 1(4), Laws of Mo.1955, p. 598. And, as the court pointed out in that case, even in 1935, the claim that the question involved was one of law "seems academic rather than substantial in the light of the controlling statute" and, since 1945, the constitutional provision which now governs the scope of this court's review.

Wolfe Auto Sales has a Chrysler franchise in Brookfield, Linn County. Robert M. Shrock, age 33, was a full-time employee of the Burlington Railroad and, admittedly, was also employed by Wolfe Auto Sales as a salesman of automobiles. In the year prior to his accident and death on December 10, 1959, he earned and was paid $4,207.84 in commissions by Wolfe. According to Willard Wolfe there was no limitation on Shrock's working hours, he could demonstrate and sell automobiles any time he saw fit and had in fact sold cars at night. He personally owned the 1960 Chrysler demonstrator he was driving on December 10 but it bore Wolfe's dealer's license tags D 491 and was a demonstrator. Donald and Edith Admire owned and operated Lane's Inn, a restaurant and package liquor store, just outside the southeast city limits of Brookfield on Highway 36. On December 10, 1959, Shrock came home from a Burlington run about 7:30 in the evening.

He gave the children a bath, took a bath himself, changed clothes and left home in his 1960 Chrysler demonstrator at 9:30, announcing to his wife that " 'He had to see a man about a car.' " He arrived at Lane's Inn about 9:45 and talked to both Don and Edith Admire. According to Mrs. Admire "we had talked about buying an automobile from him," and she said, "He was trying to sell us a 1960 Chrysler." Upon his arrival at Lane's Inn, Mrs. Admire said, "He asked both of us to go for a ride in it and we both told him that we couldn't get away, both at the same time." Mrs. Admire was busy waiting on customers and Shrock continued his conversation with Don. Shrock left Lane's Inn at 10:45 and at 11:30, 3.1 miles west of Meadville Junction, 15 miles from Brookfield, the 1960 Chrysler traveling west crashed into the rear of an automobile stopped on the pavement, killing both Shrock and Admire. Shrock's carcoat and brief case were found in the wrecked automobile and two or three days later were returned to Mrs. Shrock by Willard Wolfe. The brief case was one he usually carried in connection with the sale of automobiles, it contained an order book, Chrysler literature and finance papers. On their face, these noted circumstances warrant and substantially support the commission's finding that Shrock's accidental injury and death arose out of and in the course of his employment. Conley v. Meyers, (Mo.) 304 S.W.2d 9 (an automobile salesman case); Lewis v. Lowe & Campbell Athletic Goods Co., (Mo.) 247 S.W.2d 800; Spradling v. International Shoe Co., 364 Mo. 938, 270 S.W.2d 28; Dehoney v. B-W Brake Co., (Mo.) 271 S.W.2d 565 (all salesmen cases). The problem here is whether certain additional circumstances, relied on by the appellant, overwhelmingly and necessarily compel a contrary conclusion.

Perry Wolfe, a vice-president and salesman, said that "we formulated a demonstration plan. Everyone has their own style of selling but I kind of told them my personal ideas of demonstration and how it should be done." The important thing was

a demonstration aimed chiefly at enticing the customer into driving the automobile. To conserve time and get back on the floor to another customer, "you try to make the route as short as possible." According to Perry Wolfe, "We make a demonstration route of approximately two miles around Brookfield, and this route we change drivers and the prospective customer drives the car back to town. That's our route." Then there was another practice, chiefly to protect salesmen, of salesmen reporting the names of any prospective customers to Wolfe's office, and Shrock had not reported the Admires as prospects. Then too, in addition to Shrock's carcoat and brief case, there was also found in the wrecked Chrysler two boxes containing a man's clothing, both summer and winter clothes. These clothes were later picked up by or given to Mrs. Admire and, contrary to the respondents' assertion, the only fair inference from the record is that the clothes belonged to Don Admire. The appellant points to this additional evidence and to the fact that the collision occurred 15 miles west of Brookfield and urges that they circumstantially establish that "the only logical and reasonable conclusion is that deceased was not doing anything for his employer at the time of the fatal collision," or, in short, that the Industrial Commission "could not have reasonably reached the conclusion it did reach."

■ There is of course no objection to the proof of either a claim or a defense to a claim by circumstantial evidence (100 C.J.S. Workmen's Compensation § 547(5), p. 595; Mulcahy v. Terminal R. Ass'n, (Mo. App.) 123 S.W.2d 235), but, neither may a fact be found, nor a claim or defense, nor an award be based upon mere speculation, suspicion or conjecture. 100 C.J.S. Workmen's Compensation § 547(3), p. 590. In connection with the evidence relied on by the appellant there were these additional circumstances and factors. The failure to report the names of prospective customers would not prevent a sale and the demonstration instructions were not in writing and so far as appears here were only advisory.

And, Wolfe Auto Sales had demonstrated and sold automobiles in Chillicothe, North Kansas City and elsewhere outside Linn County. While the two boxes of clothes belonged to Admire, there is no evidence as to why they were in the Chrysler or how they got there. As to all the evidence, conflicting inferences may have been permissible but if so the commission had a choice (100 C.J.S. Workmen's Compensation § 763(5), p. 1202) as it does with the credibility of witnesses and the weight to be given conflicting testimony. Monical v. Armour & Company, 307 S.W.2d, 1. c. 394. Dehoney v. B–W Brake Company, 271 S.W.2d, 1. c. 569, 570, is particularly apposite: "Although there was no direct evidence introduced tending to show the actual activities of Employee for several hours preceding the fatal accident, there was no direct evidence that, during that period of time, he had unnecessarily and unreasonably departed from and had abandoned his duties to his employer. He was at a place where he reasonably could have been, in view of the broad duties to which he had been assigned as disclosed by the evidence. * * * Although the inference (that he was returning to his lodging from a place where he had been engaged in selling or analyzing sales conditions) is not especially a strong one—it is not supported by direct evidence—yet we think the inference that he had been so engaged is supported by substantial evidence circumstantially. * * * In our view, the Commission was justified in believing, as it probably did, that Employee, when on the trip herein involved, was at a place where he might reasonably have been when he was anywhere within the general area, at least anywhere within the confines of his territory extending two hundred miles from Kansas City. * * * And it would seem the evidence, negative in character (that an investigation failed to reveal the whereabouts and the activities of Employee during the several hours preceding the accident), was not of such weight as to preclude or destroy the inference of compensable accident. * * * Anyhow, there was little

816

or no factual support for an inference that he had abandoned his employment and had been engaged in any independent personal mission of his own." In conclusion, as indicated, the evidence supports the inference and finding that Shrock came to his death as the result of an accident arising out of and in the course of his employment and, therefore, the commission's award is not plainly contrary to the overwhelming weight of the evidence. Accordingly, for the reasons indicated, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.