**Bettye Lee HALL (Moore), Appellant,**

**v.**

**Raymond Arthur HALL, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1964.

As Modified on Denial of Rehearing Feb. 12, 1965.

Hargadon, Hargadon, Lenihan & Harbolt, Harry L. Hargadon, Louisville, for appellant.

John Frith Stewart, Louisville, for appellee.

WILLIAMS, Judge.

Appellant and appellee were divorced in 1959, and the custody of the two children was granted to the mother. Following a hearing on appropriate motions, custody was changed in 1963 and granted to the father. This appeal results.

A third child was born to the mother in July of 1960, which was eight months after her divorce. The mother married a man named Moore in 1961, after she and the children had lived with him for a period of five months. She and Moore were divorced in 1962. Most of the events evidencing the unfitness of the mother brought out in the hearing in 1963 occurred before and during her marriage to Moore.

The father and his witnesses testified that the children were on occasion dirty and unattended, that the reputation of the mother was not "too good," that the mother had been seen entering a tavern and restaurant on occasion, that the second husband Moore was abusive in the presence of the children, et cetera.

On the other hand, the mother and her witnesses testified that the children were well mannered and neat, attended school and Sunday school regularly, that their home is clean and adequate, that the mother is reliable and efficient, et cetera.

The chancellor awarded custody to the father. The basic determination for a chancellor to make in child custody proceedings is what is best for the welfare of the children. Hinton v. Hinton, Ky., 377 S.W.2d 888. The chancellor's determination must be clearly erroneous before this Court will reverse.

The mother relies upon the presumption that ordinarily a mother is the best person to have custody of infant children, and the rule in this jurisdiction that an indiscretion, absent promiscuity, by a woman with a man whom she later marries does not make her unfit as a mother to have custody of her children. Wilkey v. Glisson, Ky., 303 S.W.2d 266; Smith v. Lloyd, 311 Ky. 863, 226 S.W.2d 32. These rules are not absolute. They are standards for use by a chancellor in deciding proper custody. The welfare of the children is the determinative consideration in light of the peculiar facts of the case. The indiscretion of the mother is a circumstance to be weighed with all other facts.

**450**

The father's failure to move for a change in custody when immoral acts or influence existed does not bar custody at a later time when the particular unsavory conduct has ceased. The father said the reason for his delay in seeking custody was that his first employed attorneys made extended investigation during which time no action was taken. Later he dismissed the first attorneys and employed his present counsel. Moreover, even after the mother had divorced Moore, her activities and lack of concern for the welfare of the children warrant the chancellor's determination that the best interests of the children will be served by awarding custody to the father.

The indiscretion of the mother in the presence of the children is sufficient to show moral unfitness of the mother. In view of that, and accepting the reason given by the father for delay in seeking custody of the children, it cannot be said that the chancellor was clearly erroneous.

The judgment is affirmed.