**Dan INGRAM, Appellant,**

**v.**

**Lillie INGRAM, Appellee.**

Court of Appeals of Kentucky.

Dec. 11, 1964.

**70**

Stanley Powell, Berea and Chenault & Coy, Richmond, for appellant.

Guy K. Duerson, Jr., and Jerome S. Fish, Berea, for appellee.

PALMORE, Judge.

This is the second appeal by the husband in a divorce suit. The action was brought by the wife on the grounds of cruel and inhuman treatment and physical abuse, KRS 403.020(3) (b) and (c). The husband counterclaimed for a divorce on the grounds of adultery or lewd and lascivious conduct and cruel and inhuman treatment, KRS 403.020(4) (c) and (d).

The first judgment awarded the wife a divorce, custody of five infant children, $20 per week for their support, $3,000 lump sum alimony secured by a lien on the home owned by the husband and valued at $8,000, all the furniture except that contained in two rooms then being occupied by the husband, and the right to occupy the home until her remarriage or until all the children reach the age of 18 or marry, whichever of such events first occurs. It denied any relief to the husband on his counterclaim. He appealed.

One Smallwood testified that over a period of several years he and Mrs. Ingram had carried on an adulterous relationship. His veracity was attested by three witnesses. However, his deposition was admitted into the record after the main testimony had been heard in open court. Mrs. Ingram had not been specifically interrogated as to whether the charge of adultery was true, and the trial court did not in its first judgment make a finding of fact in that respect. Considering these circumstances it was the view of this court that the case should be reopened and that Mrs. Ingram be interrogated directly on the adultery question. To the extent, therefore, that the judgment denied the husband a divorce and granted alimony, child custody and support to the wife, it was reversed in a memorandum opinion with directions for further proceedings.

On remand of the case Smallwood, called as a witness by Mrs. Ingram, substantially reiterated his previous testimony. She flatly denied that she had ever engaged in improper conduct with him. The chancellor then delivered a written opinion (later incorporated in the judgment as findings of fact) in which he stated categorically that he did not believe Smallwood and was not

convinced by the evidence of adultery. A new judgment was entered in conformity with the original judgment except for an increase in fee from $250 to $750 for Mrs. Ingram's attorneys. This is the judgment from which the present appeal is taken.

The briefs are devoted in the main to exhaustive analyses of the evidence. The facts do not reflect great credit on either party. There being a direct conflict in evidence on the adultery question, we are unwilling to say that the findings of the chancellor were clearly erroneous. CR 52.01. And since the adultery charge is not established, there is hardly anything else in Mrs. Ingram's relationship with Smallwood that would constitute such lewd and lascivious conduct "as proves her to be unchaste." Cf. KRS 403.020(4) (c).

The husband is 62 years old and has little or no education. His earning capacity is limited. On the other hand, he has spawned six children of this woman, and the dependent infants are his responsibility. If the support payments prove to be more that he can reasonably bear, the chancellor has the duty of making appropriate revision. KRS 403.070.

As counsel for both parties recognize, there can be no immutable formula for the determination of alimony. $3,000 out of an $8,000 estate to a middle-aged woman who has no earning power and no property of her own and must direct her time and efforts to the raising of a brood of young children is not excessive. However, considering the desirability of avoiding a forced sale of the husband's house so long as it is necessary as a place in which to bring up the children, it is our opinion that the $3,000 alimony ought not to be due and payable until the wife's right of occupancy comes to an end under the terms of the judgment, or until the death of one or the other of the two parties if that event should occur sooner.

The judgment is affirmed except as to the time the alimony award shall become payable, in which latter respect it is reversed with directions that it be modified in accordance with this opinion.