**Charles GATES, Appellant,**

v.

**Margie GATES, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1967.

Rehearing Denied March 31, 1967.

Damon A. Vaughn, Madisonville, for appellant.

Carroll Morrow, Madisonville, for appellee.

STEINFELD, Judge.

Margie Gates and Charles Gates were married to each other on the 18th day of May, 1948. Born of this marriage were four children; three boys and one girl. Margie and Charles separated in May 1964, and in July 1964, Margie sued Charles for a

divorce. The complaint alleged cruel and inhuman treatment but no answer was filed. The parties agreed that Margie should have the permanent care, custody and control of the oldest boy, age fifteen; the youngest boy, age ten; and the daughter, age six; that Charles should have the second son, who was fourteen. The agreement made provision for visitation rights, for support and a division of property. A judgment was entered on the 30th day of November, 1964, awarding Margie an absolute divorce and making the agreement a part of the judgment. Later, and without any order of court, Charles sent to Margie the son who had been awarded to him and Margie assumed his care and custody.

Charles has remarried, but Margie has not, although the testimony indicates that her remarriage is a probability.

On the 18th day of August, 1966, in the divorce action, Charles moved that the custody of the three youngest children be changed and that they be awarded to him. Before this motion was made the oldest son had married and after the motion was made the sixteen year old son married. The custody of these two is not in litigation.

Many witnesses testified before the trial court. Some praised Margie, stated that she was an exemplary mother, and is the proper person to have the custody of the children. Others were critical of her conduct and testified that she is unfit to have the children. The same type of evidence was introduced showing that Charles is the proper person to have the children with him, although others stated just the contrary. After an extensive hearing the trial court ordered that the motion for a change of custody be overruled and that the action should "remain on the active docket for one (1) year for further orders of the court * * *".

Charles has appealed. He claims that it would be to the best interest of these two children for their custody to be taken from Margie and that they should be awarded to him. Margie contends that the decision of

the trial court is correct; that the order appealed from is not a final order and that this appeal should be dismissed.

We will first dispose of the contention of Margie that the order is not final and is not appealable. The question of the custody of these children is a continuing matter to be considered whenever it is properly brought before the court. Cole v. Cole, 299 Ky. 319, 185 S.W.2d 382. While such an order is not final in the sense that it cannot be changed by the trial court it is an appealable order and this Court may review it. KRS 21.060. Duncan v. Burnett, 292 Ky. 269, 166 S.W.2d 419; Witt v. Witt, Ky., 307 S.W.2d 1.

With respect to the second contention that the trial court found incorrectly, the law is clear in this jurisdiction that the appellate court will not substitute its judgment for that of the trial court unless a manifest abuse of discretion occurred. In Somerville v. Somerville, Ky., 306 S.W. 2d 301 we stated: "When the evidence is conflicting, much weight is given to the Chancellor's decision, and after weighing the evidence, the judgment will be reversed only when we are convinced that he was in error." The trial court heard and saw the witnesses and is in a better position to evaluate the testimony than is this Court. McCormick v. Lewis, Ky., 328 S.W.2d 415. Upon an examination of the record "we are not convinced that he was in error", and we are not convinced that he abused his discretion. Newby v. Newby, Ky., 275 S.W.2d 779. As always, the welfare of the children is paramount. Brengle v. Hurst, Ky., 408 S.W.2d 418. Not being convinced that the trial court was in error we cannot and will not substitute our decision for the judgment of the trial court when the evidence is as conflicting as is indicated by the record in this case. Renfro v. Renfro, Ky., 291 S.W.2d 46.

It is obvious that the trial court will be informed in the event there are actions or circumstances which appear not

to be in the best interest of the children, whereupon it has the power to exercise appropriate control. Harp v. Harp, 314 Ky. 618, 236 S.W.2d 698.

For the reasons indicated herein, the order denying a change of custody entered on the 27th day of September, 1966, is affirmed.