Sidney W. JOHNSON, Appellant,

v.

Jalia Gross JOHNSON, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1969.

W. Clay Robinson, Kendall Robinson, Booneville, for appellant.

MONTGOMERY, Chief Justice.

Sidney W. Johnson appeals from a judgment which denied him a divorce from Jalia Gross Johnson, for which he had sued on the ground of cruel and inhuman treatment. KRS 403.020(4) (d). Jalia counterclaimed for a divorce, which was denied. She does not cross-appeal and has filed no brief. A reading of the record discloses that it would be inappropriate to apply any of the penalties under RCA 1.260(c).

These parties were married on November 19, 1959, and have three children: eight, five, and three years of age. During their marriage they lived in the home with Sidney's mother, Maggie, on a farm. Maggie received a monthly income of $75.50 from a pension. Sidney's only income was one-half of the tobacco crop. His mother received the other half. The farm was owned by Maggie as life tenant, and Sidney, as remainderman in fee. He estimated that his half of the crop amounted to $400 to $500, of which he spent about one-third for whisky. On February 16, 1968, Jalia left home, taking the children, and went to live with her brother in Ohio. The oldest child is now with Sidney.

The evidence is conflicting. There is proof that Jalia cursed, threw dishes, and did not care for the children properly. Then, there is testimony that she was a good mother and housekeeper, kept the children clean, and looked after them well. She worked on the farm and helped in the tobacco. There is testimony from Jalia that Sidney got drunk regularly, cursed and threatened her, and fired shots at the house and also inside the house. Maggie said that Sidney had " * * * been drinking a little ever since he has been a man. His daddy drunk and there was no preachers in the menfolks, it was just a bad habit they had * * *." She said that Jalia knew Sidney drank when she married him and that Jalia drank with him. Jalia denied the latter.

Sidney's immediate cause of complaint was that Jalia had not slept with him in about a month and a half before she left. He said they had gotten along well "until she went to Campton and had that thing put in her" about two years before, and that "She just got from bad to worse." He indicated that was a contributing factor to their problem.

On this testimony the chancellor found that Jalia had always been a good mother and a dutiful wife. He further found that although Sidney had indulged in alcohol

most of their married life, Jalia had made no serious complaint and that Sidney, with the help of his wife and mother, had supported the children fairly well. The chancellor concluded that neither had established a ground for divorce.

 On appeal, the question is whether the chancellor's findings are clearly erroneous. This case is one in which the chancellor might have found facts sufficient to justify a divorce for either party, but he did not. The evidence supports his findings. CR 52.01; Ingram v. Ingram, Ky., 385 S.W.2d 69.

Judgment affirmed.

All concur.