RENDERED:  OCTOBER 16, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1708-MR

HEIDI MARTIN MCCAIN                                                     APPELLANT

v.         APPEAL FROM DAVIESS FAMILY COURT
           HONORABLE JAY A. WETHINGTON, JUDGE
           ACTION NO. 08-CI-01403

DANNY NEAL MCCARTY                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE:  Heidi Martin McCain appeals the order of the Daviess Family Court entered on October 12, 2019, entitling her to a judgment for past due child support and denying her request to direct that Danny Neal McCarty re-enroll their eldest child in his health insurance plan.  Following review of the record, briefs, and law, we affirm.

# FACTS AND PROCEDURAL BACKGROUND

A decree of dissolution of the parties' marriage was entered on November 26, 2008, which granted the parties joint custody of their three children and required that Danny pay $158.17 per week in child support and maintain the children on his employee group health insurance plan. Since that time, neither party has petitioned the court for a modification of the decree.

On January 3, 2019, Heidi moved the family court to hold Danny in contempt for failure to pay child support, alleging that Danny had accumulated an arrearage of $6,611.61, for a total due, with interest, of $11,837.51. On April 15, 2019, a hearing was held at which both parties testified. Concerning his child support payments, Danny testified that he felt he had overpaid since the parties' eldest and middle children had reached the age of majority. He also testified that of the 30 payments Heidi alleged he had missed, he had records to prove all but 15, but believed that amount to be less, despite having no documentation to prove the additional payments. Danny's explanation for the discrepancy between Heidi's records and his was that when he deposited funds, he did not always deposit them on the same day of the week, and they did not always go into the same account (Heidi had five bank accounts). He further testified that, since the alleged arrearage dated back to 2008, he did not have receipts for every deposit. There were a few instances where his records showed that he withdrew money from his

account to make child support payments, but he could not find the corresponding receipts to show a deposit into one of Heidi's accounts. Danny initially admitted that he had missed four payments, and ultimately conceded that he may have missed 11 payments, totaling approximately $1,739. He also testified that after he made a few child support payments, Heidi told him not to worry about the 17 cents each week. Heidi denied this but failed to explain why she waited 10 years to challenge his consistent weekly underpayments of 17 cents.

After the hearing, Danny filed documentation of all but 15 child support payments. He indicated that but for the unavailability of Heidi's bank records for January 2009, three additional payments could have been accounted for, and yet another but for a page missing from Heidi's May 2013 bank statement. If given credit for the four payments he was unable to account for due to missing records from the parties, Danny's documentation and explanation are consistent with his testimony that he had accumulated an arrearage of approximately $1,739. Also consistent with his testimony, nearly every one of his documented payments was for $158, as opposed to the $158.17 ordered by the court.

On the same date as the hearing, Danny texted the parties' eldest child informing her that he was canceling her health insurance. On May 29, 2019, Heidi moved the family court to compel Danny to reinstate their daughter on his plan and

to enjoin him from dropping their middle child from the plan. A hearing on that motion was held on June 17, 2019. Heidi testified that the children were—or were about to be—full-time students, currently dependent upon her, and had been dependent upon Danny until they reached the age of majority and graduated high school.

On October 12, 2019, the court entered an order addressing the issue of the child support arrearage, as well as the health insurance issue. The order was consistent with Danny's testimony and records that he had an arrearage of $1,739 in child support. The court also ruled that Danny was not obligated to provide health insurance to the eldest and middle children under KRS[1] 403.211(7)(c)3. This appeal followed.

## STANDARD OF REVIEW

The standard of an appellate court's review of a trial court's findings of fact is well-settled:

> **[F]indings of fact . . . may be set aside only if clearly erroneous**. Hall v. Hall, [386 S.W.2d 448 (Ky. 1964)]; CR[2] 52.01[;] 7 Kentucky Practice, Clay 103. We do not find that they are. They are not 'manifestly against the weight of evidence.' Ingram v. Ingram, [385 S.W.2d 69 (Ky. 1964)]; Craddock v. Kaiser, 280 Ky. 577, 133 S.W.2d 916 [(1939)]. A reversal may not be predicated on mere doubt as to the correctness of the decision.

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

> Buckner v. Buckner, 295 Ky. 410, 174 S.W.2d 695
> [(1943)]. **When the evidence is conflicting, as here, we
> cannot and will not substitute our decision for the
> judgment of the chancellor.** Gates v. Gates, [412
> S.W.2d 223 (Ky. 1967)]; Renfro v. Renfro, [291 S.W.2d
> 46 (Ky. 1956)].

*Wells v. Wells*, 412 S.W.2d 568, 571 (Ky. 1967) (emphasis added). A trial court's findings of fact must be supported by substantial evidence. Substantial evidence is evidence that, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable men. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). After careful review, we hold that the family court's findings of fact were not clearly erroneous, nor did the court abuse its discretion; therefore, we must affirm.

## ARREARAGE SUPPORTED BY SUBSTANTIAL EVIDENCE

On appeal, Heidi contends the family court erred by determining the amount of the child support arrearage to be $1,739. "The trial court heard the evidence and saw the witnesses. It is in a better position than the appellate court to evaluate the situation." *Wells*, 412 S.W.2d at 571 (citations omitted). Said another way, the family court, as fact-finder, is charged with judging the credibility of the witnesses. Here, the court found Danny's testimony and records to be more credible than Heidi's. Given our review of the record, this was not clear error. Danny's testimony and records constituted substantial evidence upon which the family court was entitled to rely in rendering its decision. Thus, we must affirm.

Concerning the issue of the 17 cents, the family court found that an oral modification had been made by the parties. Another panel of our Court held "oral agreements to modify child support obligations are enforceable, so long as (1) such agreements may be proved with reasonable certainty, and (2) the court finds that the agreement is fair and equitable under the circumstances." *Whicker v. Whicker*, 711 S.W.2d 857, 859 (Ky. App. 1986). Here, the family court's finding was supported by Danny's testimony, as well as records showing that after only a few payments, the amount of child support was reduced to $158 for roughly the next 10 years. The family court specifically found "the agreement would be fair and equitable; there would be little detriment to the children if support was ultimately reduced by less than $10.00 a year." These findings were supported by substantial evidence and do not constitute clear error.

## KRS 403.211(7)(c)3.

Heidi further contends the family court erred in its interpretation of KRS 403.211(7)(c)3., which provides:

> (c) The court shall order the cost of health care coverage of the child to be paid by either or both parents of the child regardless of who has physical custody. The court order shall include:
>
> . . .
>
> 3. A statement providing that if the designated parent's health care coverage provides for covered services for dependent children beyond the age of

majority, then any unmarried children up to twenty-five (25) years of age who are full-time students enrolled in and attending an accredited educational institution **and who are primarily dependent on the insured parent for maintenance and support** shall be covered.

(Emphasis added).

There is a dearth of published cases interpreting this subsection and only a few unpublished cases that address it. *See Pappe v. Pappe*, No. 2010-CA-002071-MR, 2012 WL 5371891 (Ky. App. Nov. 2, 2012); *Sammet v. Sammet*, No. 2015-CA-001350-MR, 2017 WL 383448 (Ky. App. Jan. 27, 2017); and *Davis v. Davis*, Nos. 2019-CA-000350-MR and 2019-CA-000357-MR, 2020 WL 4556053 (Ky. App. Aug. 7, 2020). We may appropriately consider these unpublished cases, pursuant to CR 76.28(4)(c), because there is no published opinion that addresses the necessary elements of KRS 403.211 when parents seek insurance coverage for their emancipated children.

In *Pappe*, our Court held that the trial court erred when it required a father to continue providing health insurance for his emancipated children without entering sufficient findings to support its judgment. In that case, the original decree provided a basis for continuing coverage if certain conditions were met under KRS 403.211, as in the instant case. That panel of our Court held that a trial court must make factual findings that the conditions are satisfied before ordering a parent to provide insurance coverage, stating:

[T]here is no indication here that the trial court found that those conditions existed, namely whether: 1) the children are full time students; 2) the children are enrolled in and attending an accredited educational institution; and 3) **the children are primarily dependent upon the insured parent**, appellant, for their maintenance and support. KRS 403.211 governs the trial court's ability to enter orders with respect to a minor child. **Unless the specific conditions of KRS 403.211(7)(c)(2)** [sic] **are met, and absent an agreement between the parties, the court is without jurisdiction to enter additional orders regarding the custody and support of an emancipated child**. Therefore, absent additional findings regarding the children's satisfaction of the KRS 403.211(7)(c)(2), [sic] the trial court's judgment was entered in error.

*Pappe*, 2012 WL 5371891, at *1 (emphasis added). As a result, the trial court was reversed, and the matter remanded for appropriate findings. That panel of our Court also held the trial court should order the parent to provide insurance "*as long as those criteria are met*." *Id*. at *2 (emphasis added).

Similar issues and decisions were rendered by other panels of our Court in *Sammet* and *Davis*. In *Sammet*, the mother—like Heidi here—testified the emancipated child was dependent on her, rather than the father, when moving the trial court to require the father to insure the child. Our Court reversed the trial court's order to provide insurance and remanded the matter for sufficient findings on the required elements under the subsection. In *Davis*, insufficient findings were made by the trial court that the required elements were met regarding the child at

-8-

issue. Consequently, the trial court's order was reversed and remanded to make such findings.

The case herein differs slightly from the previously discussed cases in that the family court did not order Danny to provide health insurance for his emancipated children, finding that Heidi failed to prove all the elements required under KRS 403.211(7)(c)3. Here, the family court interpreted the subsection consistent with *Pappe,* and the court's analysis, like that implied in *Pappe*, gives plain meaning to the full text of the subsection. The family court properly interpreted this section as referring to dependency on the insured parent *as a continuing obligation* as opposed to only at the time of emancipation, as Heidi argues. Heidi testified that the emancipated children are now dependent upon her as opposed to Danny. As such, the final required element under the subsection was not met, and the family court properly denied Heidi's motion to require that Danny provide coverage.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Daviess Family Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

David M. Taylor              Patrick T. Flaherty
Owensboro, Kentucky          Owensboro, Kentucky