RENDERED: NOVEMBER 13, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1308-MR

PEGGY BRADY GOODIN (NOW
SMITH)                                                              APPELLANT

APPEAL FROM MARION CIRCUIT COURT
v.        HONORABLE JUDY VANCE MURPHY, SPECIAL JUDGE
ACTION NO. 09-CI-00013

CHARLES R. GOODIN, JR.                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE: Peggy Brady Goodin (now Smith) appeals from the opinion and

order dividing marital property entered on June 7, 2013, by the Marion Circuit

Court. After careful review of the record, briefs, and applicable law, we affirm.

# FACTS AND PROCEDURAL BACKGROUND

Peggy and Charles R. Goodin, Jr., were married on March 16, 1990. As ordinarily happens during the course of a marriage, the parties accumulated various assets and liabilities. On January 9, 2009, Peggy petitioned the court for dissolution of the marriage. After litigation, the trial court entered an opinion and order on June 7, 2013, dividing the marital estate and allocating the marital debts. Peggy took issue with various portions of the court's order. Specifically, and most notably for purposes of this appeal, Peggy disagreed with the trial court's valuations of Charles's interest in two business ventures with his brother and moved the trial court to alter, amend, or vacate its order. On July 23, 2019—after the matter was transferred to a special judge—Peggy's motion to alter, amend, or vacate was denied. This appeal followed.

# STANDARD OF REVIEW

The standard of an appellate court's review of a trial court's findings of fact is well-settled:

> **[F]indings of fact . . . may be set aside only if clearly erroneous**. *Hall v. Hall*, [386 S.W.2d 448 (Ky. 1964)]; CR[1] 52.01, 7 Kentucky Practice, Clay 103. We do not find that they are. They are not "manifestly against the weight of evidence." *Ingram v. Ingram*, [385 S.W.2d 69 (Ky. 1964)]; *Craddock v. Kaiser*, 280 Ky. 577, 133 S.W.2d 916 [(Ky. 1939)]. A reversal may not be predicated on mere doubt as to the correctness of the

---

[1] Kentucky Rules of Civil Procedure.

> decision. *Buckner v. Buckner*, 295 Ky. 410, 174 S.W.2d 695 [(Ky. 1943)]. **When the evidence is conflicting, as here, we cannot and will not substitute our decision for the judgment of the chancellor**. *Gates v. Gates*, [412 S.W.2d 223 (Ky. 1967)]; *Renfro v. Renfro*, [291 S.W.2d 46 (Ky. 1956)].

*Wells v. Wells*, 412 S.W.2d 568, 571 (Ky. 1967) (emphasis added). A trial court's findings of fact must be supported by substantial evidence. Substantial evidence is evidence that, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable men. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

Additionally, KRS[2] 403.190 provides that "[i]n a proceeding for dissolution of the marriage . . . the court shall assign each spouse's property to him" and "[i]t also shall divide the marital property." "We review a trial court's determinations of value and division of marital assets for abuse of discretion." *Young v. Young*, 314 S.W.3d 306, 308 (Ky. App. 2010) (citation omitted). "The test for an abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound reasonable principles." *Penner v. Penner*, 411 S.W.3d 775, 779-80 (Ky. App. 2013) (citation omitted).

---

[2] Kentucky Revised Statutes.

## VALUATION OF GOODIN BROTHERS' FARMS

Charles and his brother are equal partners in Goodin Brothers' Farms ("the Farm"). Peggy argues the trial court erred in its valuation of the Farm property by applying a discount to Charles's interest therein and by adopting the valuations of Charles's experts rather than her own.

The Farm owns 118 acres of property, which are only suitable for agricultural purposes and have no substantial road frontage. It was valued at $285,000 by Charles's appraiser, Charles David Langford, and valued at $600,000 by Peggy's appraiser, Jason Cox. The difference in the valuations is largely due to the choice of "comparables"[3] by the appraisers. The trial court found Cox's comparables to be distinguishable from the land at issue due to the possible alternate uses for those properties, as well as their substantial road frontage. By contrast, Langford's comparables were used solely for agricultural purposes and did not have substantial road frontage. As a result, the trial court found Langford's appraisal to be more credible and adopted Langford's valuation in its order.

"The trial court heard the evidence and saw the witnesses. It is in a better position than the appellate court to evaluate the situation." *Wells*, 412 S.W.2d at 571 (citation omitted). Stated another way, the trial court, as fact-finder,

---

[3] A term used by the appraisers in this case referring to the tracts of land they selected as similar to the land in question in order to value its worth.

is charged with judging the credibility of the witnesses. Here, the trial court found the testimony and valuation of Langford more credible than that of Cox. This was well within the trial court's authority, and Langford's testimony constitutes substantial evidence upon which the trial court was able to rely.[4] Therefore, we affirm.

Charles also produced evidence from another expert witness, C.W. Wilson, who opined that the value of Charles's share in the Farm's property should be further reduced because he does not have a controlling interest in the partnership. This practice is referred to as applying a minority discount, which Wilson testified would result in Charles's 50% undivided interest in the Farm likely being discounted by 30% to arrive at its true value.

---

[4] Here, the trial court was entitled to adopt the expert opinion of its choice concerning the valuation of the property. In divorce actions:

> Generally, expert testimony is required to determine valuation amounts. When expert testimony is admitted into evidence regarding property valuation, the trial court may believe all of what the witness says, none of it, or part of it. Rigid rules to determine value cannot be established as equity depends on the totality of the circumstances. Where there is sufficient evidence to support the trial court's valuation, no abuse of discretion occurs. A trial court errs and abuses its discretion if it summarily arrives at a valuation of an asset or property without a proper evidential predicate. The appellate court's task on appeal is not to require the adoption of any particular method of valuation but to determine whether, based on all the relevant fact[s] and circumstances, the court abused its discretion in arriving at a value.

134 AM. JUR. *Trials* 419 (2014) (footnotes omitted).

Peggy offered no expert testimony to counter the application of a minority discount to Charles's share of the Farm's property. Her appraiser, Cox, testified that the value he assigned to the property was based solely upon the sale of the entire property; he offered no evidence as to the value of Charles's fractional interest.

The trial court agreed with Wilson's method of valuation and applied a 30% discount to Charles's interest in the real property. Once again, the trial court has the authority to determine which witness to believe and was, therefore, entitled to rely upon Wilson's testimony as substantial evidence.[5] Thus, we affirm.

---

[5] It is well-settled that:

> [T]he general principle in both Kentucky and other jurisdictions [is] that the trial court's judgment and valuations in an action for divorce will not be disturbed on appeal unless it was clearly contrary to the weight of evidence. *Heller v. Heller*, [672 S.W.2d 945 (Ky. App. 1984)]; *Carpenter v. Carpenter*, 657 P.2d 646 (Okl. 1983); *Poore v. Poore*, 75 N.C. App. 414, 331 S.E.2d 266 [(N.C. App. 1985)]. Thus, it is the duty of this Court to examine the methods utilized by the trial court to see if it clearly erred in valuing the corporation's assets.
>
> Kentucky courts have not specifically adopted an approach in valuing such assets. Other states have applied a "book value" approach or a fair market value approach. In no case cited by appellant however would a court solely use a book value approach when this method would not correctly value a corporation's assets. "When the terms of a partnership agreement are used, however, the value of the interest calculated is only a presumptive value, which can be attacked by either plaintiff or defendant as not reflective of the true value." *Weaver v. Weaver*, 72 N.C. App. 409, 324 S.E.2d 915 [(N.C. App. 1985). *See also Stern v. Stern*, 66 N.J. 340, 331 A.2d 257 [(N.J. 1975)]. There is no single best method. *Weaver*, *supra*. The task of the appellate court is to determine whether the

Peggy further asserts it was error for the trial court to apply the minority discount to Charles's interest in the Farm's other property as well, such as its crops and checking account,[6] relying upon *Cobane v. Cobane*, 544 S.W.3d 672 (Ky. App. 2018). We disagree with Peggy's analysis for the reasons discussed below.

The case herein is distinguishable from *Cobane* in which the trial court *declined* to apply the minority discount. Marc Cobane had an equal interest with his father in Cobane Farms, LLC, prior to the petition for dissolution but thereafter voluntarily diluted his interest by transferring some of his shares to his siblings. Cobane Farms, LLC's largest asset was also transferred after the petition was filed without any corresponding benefit. Our Court held, "the trial court would have been well within its discretion to apply a minority discount to the value of Marc's interest in Cobane Farms, LLC. However, we cannot find that the evidence compelled that result." *Id*. at 680. This holding demonstrates that a trial court has discretion in applying a minority discount to a party's interest in an equal partnership. In *Cobane*, however, the trial court determined that since those

---

trial court's approach reasonably approximated the net value of the partnership interest. *Weaver*, *supra*.

*Clark v. Clark*, 782 S.W.2d 56, 58-59 (Ky. App. 1990).

[6] The parties agreed that the crops were valued at $11,988 and the checking account was valued at $12,202.

-7-

actions (Marc's transfer of shares and Cobane Farms, LLC's transfer of property) had already depleted marital assets, the application of a minority discount would be inequitable because it would further deplete the marital estate. No similar conduct to deplete the marital estate occurred in the case at issue.

Contrary to Peggy's assertions, the minority discount is not only applicable to Charles's interest in the Farm's real property but to the rest of the partnership's property.[7] The application of a minority discount to all the partnership's assets is akin to what the expert in *Cobane* proposed, even though that proposal was ultimately rejected by the Court for the reasons previously discussed. *Id*. at 678. Given our review of the record, it was neither clear error nor an abuse of discretion for the trial court to apply a minority discount to Charles's interest in the Farm's property, including its real estate and other assets. The testimony and valuations of Langford and Wilson, as well as the agreement of the parties (concerning the value of the crops and checking account), constituted substantial evidence upon which the trial court was entitled to rely in its decision. Therefore, we affirm.

---

[7] "Although Kentucky appellate courts have consistently noted that corporations are marital property to the extent that corporate assets are acquired during the marriage, no appellate cases have provided significant guidelines for valuing assets in a closely held corporation." 15 KY. PRAC. DOMESTIC RELATIONS L. *Property Division-Valuation of Corporate Interests*, § 15:73 (footnotes omitted). Similar is the dearth of cases providing guidelines for valuing assets in a partnership.

**VALUATION OF REAL ESTATE OWNED BY GVF, LLC**

Charles and his brother are also equal partners in GVF, LLC ("GVF"). Peggy contends the trial court erred in its valuation of a parcel of land owned by GVF by adopting the valuation of Charles's expert.

In 2007, GVF purchased a parcel of property consisting of 3.44 acres for $100,000. Prior to GVF's purchase, the Property Valuation Administrator ("PVA") valued the property at $25,000.[8] After GVF's purchase, however, the PVA modified the records to reflect the purchase price. Peggy did not offer an appraisal of the GVF property; rather, she relied upon the deposition testimony of the PVA in valuing the property at $100,000.

Charles's expert, Langford, testified the value of the GVF property was $22,000 based on the comparables. Langford asserted that the price GVF paid in 2007 was inflated and not a true reflection of the property's market value. Again, the trial court chose to believe Langford's testimony and adopted his valuation of the GVF property. After careful review, we hold that the trial court's findings of fact were not clearly erroneous, nor did the trial court abuse its discretion. Therefore, we must affirm.

---

[8] The property was valued at $10,000 in 1995, $25,000 in 1999, and $25,000 in 2007.

**CONCLUSION**

For the foregoing reasons, the orders of the Marion Circuit Court are

AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:

Theodore H. Lavit
Cameron C. Griffith
Lebanon, Kentucky

BRIEF FOR APPELLEE:

Steven C. Call
Cameron M. Caldwell
Campbellsville, Kentucky